## HENRY H. LADD v. JOHN FLYNN.

*Nuisance—Line fence—Injunction—Appealable order.*

An order granting an injunction commanding the removal of a fence, alleged to have been erected maliciously to darken the windows of complainant's house, and enjoining its rebuilding, —the building of which fence is admitted by the answer, but which denies that it was done maliciously,—made upon bill and answer and affidavits, is held to be appealable, and is reversed.

Appeal from Wayne. (Brevoort, J.) Submitted on briefs January 14, 1892. Decided February 5, 1892.

Bill to abate a line fence erected by defendant. Defendant appeals from an order granting the relief sought without a hearing on the merits. Reversed. The facts are stated in the opinion.

*Sellers & Sellers,* for complainant, contended:

1. The bill and answer show that the fence is *prima facie* a nuisance, and no relief could meet the exigencies of the case except such as was sought for, and any order granted by the court below must necessarily be final.

2. While the courts have held that, as a general rule, a personal injunction will not be granted until the right and its violation have been established on the trial, yet if a case is presented which satisfies the mind of the judge that such a course would, if adopted, do justice between the parties, the court may grant a perpetual injunction without providing for the trial of the right; citing Kerr, Inj. 225; *Bacon v. Jones,* 4 Mylne & C. 439; *Cuddon v. Morley,* 7 Hare, 206; *Potts v. Levy,* 2 Drew. 272; and the rule seems to be that if the thing sought to be enjoined is in itself or *prima facie* a nuisance, and it so appears from the facts set forth in the bill, the court will give its aid to stay irreparable mischief, but where it is not unavoidably and in itself noxious, but only something that may, according to circumstances, prove so, the court will refuse to interfere

until a hearing on the proofs, or until the matter has been tried at law; citing *Shivery v. Streeper,* 24 Fla. 103.

3. The existence of a fence or screen 16 feet high and 30 feet long, built in front of complainant's windows and within one foot of the same, and for no useful purpose, shows malice, without any further proof to establish it; citing *Burke v. Smith,* 69 Mich. 380; *Flaherty v. Moran,* 81 Id. 52.

*Atkinson, Carpenter, Brooke & Haigh,* for defendant.

Long, J. This bill was filed to obtain the abatement of a line fence erected by defendant, and to perpetually enjoin him from erecting or maintaining a similar one.

The bill alleges that the parties were the owners of adjoining lots on Eighteenth street, in Detroit. Complainant's house stands within one foot of the line, and defendant's house about the same distance from the line on the other side. Defendant built a board fence between them, 16 feet high, shutting off the light from complainant's windows, who claims this was done maliciously. An answer was filed, admitting the building of the fence, but denying that defendant's motive was malicious; and averring that the fence was built to screen the defendant's tenants from view, and unpleasant observation and comment from the family of complainant's tenants. The answer was sworn to. Annexed to the bill and answer were several affidavits.

Complainant, upon the filing of the bill, had entered a motion for a preliminary injunction. This motion was heard, and an order made by Judge Brevoort, one of the judges of the Wayne circuit court, in chancery, granting an injunction, and commanding the defendant to abate the nuisance *instanter,*—

" And that the said defendant, do at once take down or remove said screen or fence, and that said screen or fence be not renewed, rebuilt, or continued, and that all interference thereby with the enjoyment of the premises of said complainant do perpetually cease."

Upon this order an injunction was issued as directed by the order. Defendant appeals from the order.

We do not pass upon the merits of the controversy. The order is appealable, as it attempts to interfere with the defendant's claimed rights, and to abate the fence. The court had no power to determine the rights of the parties on affidavits or on a motion for preliminary injunction. This could only be done on final hearing.

The order appealed from must be reversed, and the injunction set aside, with costs.

The other Justices concurred.