BECK v. NEW YORK & S. RY. CO.

(Supreme Court, Appellate Division, Second Department.  July 1, 1902.)

TEMPORARY MANDATORY INJUNCTION.

A temporary mandatory injunction ought not to be awarded where it will grant as full relief as plaintiff could obtain if fully successful on the trial.

Appeal from special term, Westchester county.

Action by Louisa Beck, individually and as executrix and trustee of William D. Beck, deceased, against the New York & Stamford Railway Company.  From an order granting a temporary injunction, defendant appeals.  Modified.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

Frederick W. Sherman, for appellant.

Justus A. B. Cowles (Charles P. Cowles, on the brief), for respondent.

PER CURIAM.  The order appealed from is of a twofold character.  In the first place, it directs the defendant to remove certain rails, ties, cross-ties, poles, and wires from the real property of the plaintiff, and forthwith to restore the surface of said real property to the condition in which it was before the defendant entered thereon.  In the second place, it restrains the defendant, pending the trial of the action, from using or in any manner operating the second or additional track which it has laid upon Beck avenue in the town of Rye.  So far as the latter, or strictly injunctive, portion of the order is concerned, we think it should be affirmed, inasmuch as we are inclined to think that the franchise and consent obtained by the defendant contemplate the construction of a single-track railroad only.  As to the first part of the order, however, which is of a purely mandatory character, we think the determination of the plaintiff's right to such relief should await the trial and the determination of the action.  It seems hardly proper at this time to grant a measure of relief, as to this branch of the case, which is as broad as the plaintiff could possibly have if she fully prevails upon the trial.

The order appealed from should be modified by striking therefrom the mandatory portion to which we have referred, and, as thus modified, it should be affirmed, without costs of this appeal to either party.