FLORIDA EAST COAST RAILWAY COMPANY, *Appellant,*
v. HENRIETTA W. TAYLOR, ALBERT A. TAYLOR,
BLANCHE TAYLOR PECK AND SAMUEL H. PECK,
HER HUSBAND, *Appellees.*

CHANCERY PRACTICE—MANDATORY INJUNCTION—GRANTED, EXCEPT IN RARE CASES, ONLY AFTER FINAL HEARING.

Except in rare cases, where the right is clear and free from reasonable doubt, a mandatory injunction, commanding the defendant to do some positive act, will not be ordered until after final hearing, and then only to execute the judgment or decree of the court.

This case was decided by Division B.

Appeal from the Circuit Court for Brevard County.

The facts in the case are stated in the opinion of the court.

*Geo. M. Robbins,* for appellants;

*Cooper & Cooper,* for appellees.

TAYLOR, J.—This being the second appearance of this cause before the court a full statement of the material facts therein will be found in the reported case upon the former appeal.   Taylor v Florida East Coast Ry. Co., 54 Fla. 636, 45 South. Rep. 574.

The former appeal was taken by the appellees in the present appeal, and was from an order sustaining a demurrer filed by the defendant to the bill of complaint, by which order the bill was dismissed.   Upon such former appeal this order was reversed, and the cause remanded with directions that the defendant's demurrer to the bill should be overruled, and that the defendant be required to answer the bill, and for such further proceedings as should be consonant with equity practice.

After the mandate of this court was sent down, and before the expiration of the time allowed to the defendant to answer the bill, the court below, on motion of the complainants in the bill, upon said bill and voluminous *ex parte* affidavits presented on behalf of both the complainants and defendant, granted the following order:

This cause coming on to be heard on the application and motion of the complainants, by their solicitors, for a

temporary mandatory injunction and for a temporary restraining order or injunction in said cause, to-wit, on the sworn bill of complaint herein and on affidavits filed by the complainants and the defendants herein, and due notice of the hearing of said application and motion having been given, and the same having been fully argued by counsel for said complainants and defendant herein, and having been duly considered by the court:

It is ordered that until the further order of this court the said defendant, its officers, agents and employes be and they are hereby restrained and enjoined from failing or refusing to build and construct on or before the first day of October, 1908, in a proper and safe manner, a spur track from the main line of defendant's railway into Rockledge, in said State and County, to a point where the said defendant's station or depot was located in said Rockledge at the end of a certain spur track prior to October, A. D. 1906, and from failing or refusing to build and construct, on or before the first day of October, A.D. 1908, a depot at the easterly end of said spur track so as to be hereafter built and constructed by defendant on or before said date as above mentioned, and from failing and refusing, after the said first day of October, A. D. 1908, and until the further order of this court to maintain said spur track and depot and to operate all of defendant's regular passenger trains upon said spur track to said depot during what is known as the winter tourist season; but that, on the contrary, until the further order of this court, the said defendant, its officers, agents and employees, to build and construct, on or before the first day of October, 1908, in a proper and safe manner a spur track from the main line of defendant's railway into Rockledge, in said State and County, to a point where defendant's

station or depot was located in said Rockledge at the end of a certain spur track prior to October, A. D. 1906, and do also build and construct, on or before the first day of October, A. D. 1908, a depot at the easterly end of said spur track so to be built and constructed by the defendant on or before the said date, as above mentioned and ordered, and after the first day of October, A. D. 1908, and until the further order of this court, do maintain said spur track and depot and do operate all of defendant's regular passenger trains upon said spur track to said depot during what is known as the winter tourist season.

Done and ordered at Titusville, Fla., this 30th day of March, 1908.

MINOR S. JONES, *Judge*."

From this order the present appeal is taken and it is assigned as error.

The court below erred in making this order. It will be observed from a perusal of the order that it is to all intents and purposes a final decree in the cause since it mandatorily requires the defendant to do all and everything that the bill prays that it be required to do—that is that it shall construct a certain spur track from the main line of its railway about half a mile in length to a point near the complainant's hotel and at said point to erect and maintain a depot building and facilities, and that it should during the tourist or winter season operate all of its passenger trains over said spur track to said depot near complainant's hotel.

It is settled by an overwhelming weight of authority that, except in rare cases where the right is clear and free from reasonable doubt, a mandatory injunction, commanding the defendant to do some positive act, will not be ordered *except upon final hearing,* and then only to

execute the judgment or decree of the court. Hunt v. Sain, 181 Ill. 372, 54 N. E. Rep. 970.

In Mocanaqua Coal Co. v. Northern Central Ry Co., 4 Brewst. (Pa.) 158, it is held that: "A mandatory injunction, as a general rule, can only be properly granted on final hearing as its effect before that time is like awarding an execution before trial and judgment." To the same effect are the following cases: Grand Castle G. E. v. Bridgeton Castle No. 13 (N. J. Eq. 1898) 40 Atl. Rep. 849; Beck v. New York & S. R. Co., 74 App. Div. 626, 77 N. Y. Sup. 357; Weaver v. Toney, 107 Ky. 419, 54 S. W. Rep. 732, 50 L. R. A. 105; Ladd v. Flynn, 90 Mich. 181, 51 N. W. Rep. 203; Anonymous Case 140, 30 Eng. Reprint, 269; San Antonio Water Co. v. Bodenhamer, 133 Cal. 248, 65 Pac. Rep. 471; Adams v. Ball, (Miss.) 5 South. Rep. 109; Toledo, A. A. & N. Ry. v. Detroit, L. & R. R. Co., 61 Mich. 9, 27 N. W. Rep. 715; Denver & N. O. R. Co. v. Atchison, T. & S. F. R. Co., 13 Fed. Rep. 546; Gale v. Abbott, 8 Jurist 987; Delaware, L. & W. R. Co. v. Central Stock Yards & T. Co., 43 N. J. Eq. 71, 10 Atl. Rep. 490; Rogers Locomotive & M. Works v. Erie Ry. Co., 20 N. J. Eq. 379; Washington University v. Green, 1 Md. Chy. 97; Audenried v. Phila. & R. R. Co., 68 Pa. St. 370, 8 Am. Rep. 195; Southern Pacific R. Co. v. City of Oakland, 58 Fed. Rep. 50; Dickson v. Dows, 11 N. Dak. 404, 92 N. W. Rep. 797; Worlds Columbian Exposition Co. v. Brennan, 51 Ill. App. 128; Thomas v. Hawkins, 20 Ga. 126; Martin v. Broadus, 1 Freeman's Chy. (Miss.) 35; Arnold v. Bright 41 Mich. 207, 2 N. W. Rep. 16; Calvert v. State, 34 Neb. 616, 52 N. W. Rep. 687; State *ex rel.* Reynolds v. Graves, 66 Neb. 17, 92 N. W. Rep. 144; Catholicon Hot Springs Co. v. Ferguson, 7 S. Dak. 503, 64 N. W. Rep. 539; Cheever v. Ruthland & B. R. R. Co., 39 Vt. 653.

With peculiar force does the rule above announced apply to the case at bar.    The relief sought by the bill on behalf of private parties, to compel a common carrier railroad company to construct a half mile of road and at the end of it a depot, and to compel during its busiest season the operation of all its passenger trains over such half mile of road leading away from its main line, so involves the paramount rights of the general public in the safe and expeditious operation of said railroad, as that such relief should never be granted except after a final hearing upon the fullest opportunity for proofs.    As is said in substance in the former opinion in this case, the contractual rights of individuals in such cases must yield to the paramount rights of the general public, and before granting such extraordinary relief to a private party in enforcement of contract rights the court should be satisfied from the proofs on a full and final hearing that to grant such relief will not result in material detriment to the rights of the general public, and in the consideration of that question the general conditions that surround both parties to the contract sought to be enforced, at the time that it was entered into and any material changes in such conditions since that time that might affect the rights of the public should be constantly borne in mind. It would be improper at this time to discuss the merits of the controversy between the parties, we simply reverse the order appealed from as having been irregularly and prematurely made and remand the cause for such further proceedings as may be consonant with proper equity practice and not inconsistent herewith, and it is hereby so ordered at the cost of the appellees.

HOCKER and PARKHILL, JJ., concur.

SHACKLEFORD, C. J., and COCKRELL and WHITFIELD, JJ., concur in the opinion.