E. H. KELLERMAN & FRANK WHITELOCK, *Appellants,* VS. CHASE & COMPANY, a Florida Corporation, *Appellee.*

Division A.

Opinion filed June 4, 1931.

*C. P. Diamond,* for Appellants;
*Vocelle & Mitchell,* for Appellee.

BUFORD, C.J.—In this case, Chase & Company, a Florida Corporation, applied for mandatory injunction to require the defendants, Kellerman and Whitelock, to deliver to the complainant a certain crop of tomatoes. The complainants relied upon their contract with the defendant. The first clause of the contract is as follows

"IN CONSIDERATION OF THE SUM of One Hundred Dollars (100.00), receipt whereof is hereby acknowledged as a loan and advance, Whitelock & Kellerman hereinafter mentioned as Grower, hereby covenants and agrees to deliver to Chase & Company, a corporation, in field crates, at its packing house at Oslo or Vero Beach, Florida, in such quantities and at such times as Chase & Company may direct, his entire crop of marketable tomatoes, raised and grown by him during the season 1929-1930, upon that certain tract of land, situate, lying and being in Indian River County, State of Florida, described as follows:"

There are numerous other provisions in the contract but we think that the right of Chase & Company for the relief prayed is found in the first clause thereof.

Another clause in the contract is as follows:

"In the event the grower fails to perform this contract it is hereby stipulated and agreed that Chase & Company shall receive the sum of 25 cents per crate for each crate not marketed through Chase & Company. Such compensation it is hereby agreed shall constitute reasonable liquidated damages suffered by Chase & Company on account of breach of this contract on the part of the Grower. Such right to liquidated damages shall not in any wise affect their rights to pursue their other legal remedies for breach of this contract or their right to apply for injunction or receiver without notice irrespective of any question of solvency or insolvency of said Grower. In event Grower breaches this contract

the duties of Chase & Company concerning future ad-- vances and otherwise shall cease but the same shall in no wise release the Grower from any of his duties hereunder or deprive Chase & Company of any of its rights hereunder."

Notice was given of application and witnesses were produced at the hearing. There was no denial of the execution of the contract between the parties. It was also proven that the defendants had not delivered, and did not intend to deliver, the crop of tomatoes to Chase & Company under the terms of the contract, but that they were then delivering, and intended to continue to deliver, the crops of tomatoes to be packed and sold by another packing company in which Kellerman owned an interest. It was alleged and proven that Kellerman and Whitelock were each insolvent.

It is a general rule that a mandatory injunction can only be properly granted on a final hearing, as its effect before that time is like awarding execution before trial and judgment. See Fla. East Coast Rwy. Co. vs. Taylor, 56 Fla. 788, 47 Sou. 345, and cases there cited. However, in this case it not only appears that the plaintiff has a clear right free from reasonable doubt to invoke the remedy, but it also appears that to delay the remedy would necessarily involve a denial of the right because it is shown positively by both the allegation of the bill and the proof submitted that the tomato season covers a period of only some five or six weeks and it is a matter of common knowledge that the tomato crop is of the most perishable character.

In Zetrouer vs. Zetrouer, 89 Fla. 253, 103 Sou. 625, this Court, speaking through Mr. Justice Terrell, said:

"It is well settled that mandatory injunctions are rarely

granted before final hearing, or before the parties have full opportunity to present all the facts in such manner as will enable the court to see and judge what the truth may be; however, instances are not wanting where relief by mandatory injunction was granted on the proper showing made. Taylor vs. Florida East Coast R. R. Co., 54 Fla. 635, 45 South. Rep. 574; Florida East Coast R. Co. v. Taylor, 56 Fla. 788, 47 South Rep. 345; City of Ocala vs. Anderson, 58 Fla. 415, 50 South. Rep. 572, 14 R. C. L. 317.''

The parties to this suit were all sui juris and had a perfect right to enter into the contract here under consideration and each party to the contract had the right to rely upon the performance thereof by the other party. The defendants received a valuable consideration for the execution of the contract in which, and for which they agreed to deliver the entire crop of marketable tomatoes to Chase & Company to be packed and shipped for their account. Chase & Company carried out that part of the contract which they were obligated to perform by furnishing the required money to produce the crop.

It is contended on the part of the appellant here that although they were bound under the contract to deliver the crop of tomatoes to Chase & Company to be packed and shipped, for which Chase & Company would receive reasonable compensation. That when they saw fit to breach their contract Chase & Company were bound to accept the amount of the indebtedness of the defendants to Chase & Company plus 25 cents per crate for the tomatoes shipped not through Chase & Company as liquidated damages. The contract provides otherwise, and, therefore, the appellants are estopped by the provisions of their own contract from maintaining this contention.

We think the case presented here was a proper one for

the issuance of mandatory injunction and that, therefore, the order appealed from should be affirmed.

A companion case to the one under consideration is that of Chase & Company vs. E. H. Kellerman and Henry Crosby, in which entry of appeal was made on the 2nd day of May, 1930, and it was stipulated between counsel for all parties that opinion and judgment in the case at bar should in all respects control the disposition of that case. Giving effect to this stipulation, the order appealed from in the case of Chase & Company vs. Kellerman and Crosby should also be affirmed. It is so ordered.

Affirmed.

ELLIS AND BROWN, J.J., concur.

WHITFIELD, P.J., AND TERRELL AND DAVIS, J.J., concur in the opinion and judgment.