ROBERT L. REIDY, Plaintiff, *v.* CITY OF SYRACUSE, ROLLAND B. MARVIN, as Mayor of the City of Syracuse, CARL P. WRIGHT, as President of the Common Council of the City of Syracuse, W. GIFFORD EGLE, and Others, as Aldermen of the City of Syracuse, THOMAS E. KENNEDY, as Clerk of the City of Syracuse, and JOSEPH STOLUSKY, Defendants.*

Supreme Court, Onondaga County, September 22, 1937.

* Affd., 252 App. Div. 838; leave to appeal to Court of Appeals denied and appeal dismissed, 275 N. Y. 582.

*Harry Treinin,* for the plaintiff.

*James C. Tourmey, Corporation Counsel [John F. Hmiel* of counsel], for defendants Kennedy and Wright.

Zoller, J. Although plaintiff has named as defendants in his action the city of Syracuse, its mayor, its clerk, the president of its common council and nineteen aldermen, and also Joseph Stolusky, service of his summons and complaint has been made only upon the clerk and the president of the common council. For these two defendants the corporation counsel of the city appears generally and for the other defendants appears specially.

Plaintiff evidently has brought his action pursuant to the provisions of section 51 of the General Municipal Law. In other words, his action is what is commonly known as a taxpayer's action. The allegations of his complaint with respect to his qualifications as enumerated in and required by said section 51, it seems to me, show him to be qualified to bring the action. He appears to be the owner of real property within the city of Syracuse, the assessment of which exceeds the sum of $1,000, and upon which he has paid taxes within one year previous to the commencement of his action. It also appears that he has furnished a bond in the sum of $1,000, which has been approved by a justice of this court, all as required by said section 51.

The gravamen of plaintiff's cause of action is that the common council of the city of Syracuse enacted an ordinance on August 17, 1937, which in part violated and was " in conflict with and in contravention of " section 66 of the Election Law, subdivision 3 of which reads as follows: " A schoolhouse or other public building or any building exempt from taxation shall be designated, if the use of the same as a registration and polling place will not interfere with its customary use, and if it be so situated as to be convenient to the voters residing in the election district. The expense, if any, incidental to its use under such designation shall be paid like the expense of other registration and polling places. Whenever a school or other public building is located in an election district and the registration and polling place of such district is not located in a school or other public building, a statement of the reason for not designating such building must be entered by the board charged with the duty of making such designations in its minutes or other record."

Plaintiff alleges, and there is no dispute as to the facts, that said ordinance wherein and whereby the " garage of Stolusky, 510

Irving Avenue," was designated as a registration and polling place for the seventh district of the fifteenth ward of the city of Syracuse contains no statement of the reason for not designating the Washington Irving School, which, it is also conceded, is located within said district. He also alleges that the said garage designated by the common council is owned by the defendant Stolusky, who is a supervisor of the fifteenth ward. He further alleges in paragraph twelfth of his complaint: " That the designation of said garage as a polling place is injurious to municipal and public interest and is calculated to work public injuries and produce public mischief and will entail the disbursement of public moneys in violation of law, without cause for said expenditure, and without benefit to the people of the City of Syracuse," and asks judgment for the following relief:

" 1. That the provision of said Ordinance designating the garage located at 510 Irving Avenue, City of Syracuse, as the polling place for the 7th District of the 15th Ward be declared illegal, null and void and that said provision be declared to be in conflict with and in contravention of the Election Law of the State of New York.

" 2. That Thomas E. Kennedy, as City Clerk, be restrained from advertising the said premises as the polling place for the 7th District of the 15th Ward for the registration and election above mentioned.

" 3. That the Court declare that the polling place for the said registration and election should be established at Washington Irving School in the City of Syracuse.

" 4. That plaintiff have such other and further relief as in the premises may be just."

Within a day or two after commencing his action, plaintiff obtained on September fourth an order to show cause, returnable on the thirteenth, why an order should not be granted declaring " that the provision of an Ordinance passed by the Common Council of the City of Syracuse on the 17th day of August, 1937, designating the garage located on the premises at 510 Irving Avenue, Syracuse, N. Y., as the polling place for the 7th District of the 15th Ward, be declared illegal, null and void and that said provision is in conflict with and in contravention of the Election Law of the State of New York, and why Thomas E. Kennedy, as Clerk of the City of Syracuse, should not be restrained from advertising said premises as the polling place for the 7th District of the 15th Ward, and why the Court should not declare that the polling place for said District be established at Washington Irving School in said City of Syracuse, and why plaintiff should not have such other and further relief as in the premises may be just."

Plaintiff obtained the show cause order upon his affidavit, which substantially sets forth the same allegations contained in his complaint. In the eleventh paragraph of his said affidavit he sets forth as a reason for asking for a show cause order " that pursuant to Section 74 of the Election Law of the State of New York, it is required that the Clerk of the City of Syracuse, Thomas E. Kennedy, advertise said garage above mentioned as the duly designated polling place for the 7th District of the 15th Ward on the 7th day of October, 1937, that the first regular Equity Term of the Supreme Court of Onondaga County will be held on the 4th day of October, 1937, and deponent verily believes that the issues presented by this complaint cannot be determined before the said Clerk is directed to advertise the polling places pursuant to Section 74 of the Election Law, unless a show order is granted."

In opposition to plaintiff's motion, counsel for defendants have submitted affidavits which clearly show that the designation of the Washington Irving schoolhouse as a registration and polling place for and in the seventh district of the fifteenth ward would seriously interfere with its customary use. It also appears therefrom that the Stolusky garage has been designated and used as such a registration and polling place continuously for a period of over twenty years, and that it is conveniently situated and is suitable for such purposes.

Issue herein has not been joined, the summons and complaint having been served either on or soon after September first. The exact time of service is not before the court. It seems to me that plaintiff is seeking on this motion the identical relief asked for in his complaint. In other words, he wants this court to grant him the very relief that he hopes to obtain by a final judgment. As stated by the court in *Beck* v. *New York & Stamford Ry. Co.* (74 App. Div. 626) : " As to the first part of the order, however, which is of a purely mandatory character, we think the determination of the plaintiff's right to such relief should await the trial and the determination of the action. It seems hardly proper at this time to grant a measure of relief as to this branch of the case which is as broad as the plaintiff could possibly have if she fully prevails upon the trial."

The court held similarly in *Bachman* v. *Harrington* (184 N. Y. 458).

Counsel for plaintiff in his memorandum cites in support of the motion *Bareham* v. *City of Rochester* (221 App. Div. 36 [4th Dept.]; modfd. and affd., 246 N. Y. 140) and also *Hathaway* v. *City of Oneonta* (148 Misc. 695). Mr. Justice McNaught in writing the opinion for the court refers to the case of *Reycroft* v. *City of Bingham-*

*ton* (138 Misc. 257). These two latter cases both dealt with the same question of law. None of these authorities, however, it seems to me, is helpful to the plaintiff.

In *Bareham* v. *City of Rochester* (*supra*) there was a trial had at Special Term and a judgment entered upon the decision of the court. The law of that case is undoubtedly sound. Here, however, we are dealing with a motion and a very different situation prevails. The other two cases are also distinguishable and are not controlling. The law of those two cases is sound and should not be questioned. The facts, however, are entirely different from those here.

It seems to me that plaintiff here, at the most, is complaining of a minor violation of said subdivision 3 of section 66 of the Election Law. That being so, the allegations of the twelfth paragraph of his complaint above quoted do not aid his contention in that they appear to be mere conclusions of law and not facts such as should be alleged in essential detail. The violation complained of is extremely technical. It is very doubtful if plaintiff will be able to prove that any such violation is " injurious to municipal and public interest and is calculated to work public injuries and produce public mischief and will entail the disbursement of public moneys in violation of law, without cause for said expenditure, and without benefit to the people of the City of Syracuse." I am inclined to believe that if defendants had made a cross-motion to dismiss the complaint under subdivision 5 of rule 106 of the Rules of Civil Practice, the court would have found it necessary to grant such a motion.

This type of action is no different from any other type, with respect to proper pleading. (*Melody* v. *Goodrich*, 67 App. Div. 368; affd., 170 N. Y. 185; *Daly* v. *Haight*, 163 App. Div. 234.)

A well-recognized principle of law is that an equity court is not bound to issue an injunction when it will produce great public or private mischief, merely for the purpose of protecting a technical or unsubstantial right. This principle was enunciated by Judge EARL, who wrote the opinion in the early case of *Gray* v. *Manhattan R. Co.* (128 N. Y. 499, 509). It has been repeatedly declared and followed by many courts since. (*McCann* v. *Chasm Power Co.*, 211 N. Y. 301, 306, and cases cited therein; *Knoth* v. *Manhattan R. Co.*, 187 id. 243, 252.) As stated by Chief Judge ANDREWS, writing for the court in *Rogers* v. *O'Brien* (153 N. Y. 357, at p. 362): " It is absurd to suppose that the Legislature, by the statute, intended to draw into the preventive jurisdiction in equity, at the instance of any taxpayer, any proposed illegal official act, irrespective of the fact whether the act sought to be restrained involves a waste of public property or a violation of public rights, or any injury to the interests of taxpayers, as such."

Neither the complaint nor plaintiff's moving affidavit contains any charge that the action of the common council was fraudulent or corrupt, or that any dishonest or unlawful end was in view or was sought to be accomplished. It has been held that a taxpayer cannot maintain an action to restrain the governing body in a city from official action within its power and discretion without alleging fraud, collusion, corruption or bad faith. (*Talcott* v. *City of Buffalo*, 125 N. Y. 280; *Ziegler* v. *Chapin*, 126 id. 342.)

My conclusion is, from an examination of the complaint herein, that the plaintiff is not clearly and certainly entitled to the ultimate relief which he seeks, and for the several reasons stated his motion should be denied.

Accordingly, plaintiff's motion is denied, with ten dollars motion costs.

An order may be submitted in accordance herewith.