355 So.2d 147 (1978)
GULF POWER COMPANY, Appellant,
v.
Robert GLASS and Pauline Glass, Appellees.
No. GG-360.
District Court of Appeal of Florida, First District.
February 8, 1978.
Rehearing Denied March 7, 1978.
*148 Robert P. Gaines of Beggs & Lane, Pensacola, for appellant.
Charles Friend, Tallahassee, for appellees.
PER CURIAM.
Gulf Power bought an easement for transmission lines and poles 100 feet wide through the Glass' property. The easement included "all rights and privileges necessary or convenient for the full enjoyment or use thereof ... including the right of ingress and egress from said strip and the right to ... keep clear all ... obstruction on said strip ... and the right to install, maintain and use anchors and guy wires on land adjacent to said strip." The grantors retained "the right to cultivate and use said strip of land for any purpose not inconsistent with the rights which the grantee may from time to time exercise hereunder." Subsequently, Mr. Glass went into the used car parts business and placed more than 50 wrecked cars in close rows on the easement property. Gulf Power requested Glass to clear the easement and, when he did not do so, Gulf Power brought an action for a mandatory injunction requiring that he do so.
Gulf Power appeals from the trial court's judgment which denied the injunction because:
.....
"2. These automobiles are readily removable and the defendants have agreed to remove them when reasonably requested for the necessity of servicing and maintaining the plaintiff's wires and structures.
"3. The court further finds that the defendants' use of said easement is not inconsistent with the rights of the plaintiff."
We reverse. A mandatory injunction is proper where a clear legal right is at stake, irreparable harm is threatened, and the remedy at law is inadequate. Zetrouer v. Zetrouer, 89 Fla. 253, 103 So. 625 (1925); Kellerman v. Chase & Co., 101 Fla. 785, 135 So. 127 (1931). Gulf Power's legal right to have the area free of obstruction is shown here in the plain terms of the easement grant. Moreover, the undisputed evidence shows that Gulf Power and its customers would suffer a two- to four-hour delay in the repair of the transmission lines on this property in an emergency because of the need to clear away the cars. The trial court's finding that Appellees' storage of this automotive junk on the land is not inconsistent with Gulf Power's rights is predicated on the assumption that Appellees would at all times be ready, willing and able to remove the cars promptly. This *149 holding rests Gulf Power's enjoyment of its easement on too conjectural a base. The case is remanded with instructions that the trial court grant the injunction.
REVERSED and REMANDED.
SMITH, Acting C.J., and ERVIN and BOOTH, JJ., concur.