WENTWORTH, Judge,
dissenting.
Upon the facts fairly stated in the majority opinion, I would affirm the temporary injunction appealed here. Based on a finding that irreparable harm would otherwise result for appellee, the order effectively continued until final judgment the execution of the parties’ contract and applicable regulations requiring that appellant “shall allow withdrawals from escrow provided . . . the amount remaining shall not be less than 110% of the projected cost of uncompleted promised improvements.” Fla.Admin.Code Rule 7D-6.-,02(4)(d). Cf. Kellerman v. Chase, 101 Fla. 785, 135 So. 127 (1931). So far as I am able to determine from the record, appellant had no evidence of facts from which it could find that the projected cost of the contract improvements was increased. The effectiveness of a violation notice issued by DER in June 1979 apparently will not be determined until after its scheduled administrative hearing in December, less than a month before the date on which appellee is contractually bound to complete the construction commenced in 1972. Injunctive relief sought by DER against appellee, upon evidence presented before the trial judge in the case before us, has not been granted so far as reflected by the record.
Assuming that the risk of inability to complete the promised improvements is on appellant (6 Corbin on Contracts § 1347 (1962)), and that the funds might at some point be withheld by appellant in anticipation of breach, the facts in this case do not appear to me to be sufficient to substantiate an impending breach by appellee of its undertaking to complete the specified improvements. The terms of the applicable law and regulations do not indicate that appellant is vested with any greater authority to act on behalf of the protected purchasers than they might exert as private contracting parties if they held the funds in question,[1] and the order correctly finds that no other public interest or environmental concern is at issue in this proceeding.
The Division may, of course, on the basis of some adequate evidence, exercise its discretion to determine when there has been a “material change in the subdivider’s commitment to complete promised improvements” and its discretion to require “additional or substitute assurances.” But I am unable to construe that clause as authorizing the Division to alter or abandon the preceding explicit escrow terms, based simply on speculation as to the possible impact of potential future regulatory action under the circumstances shown here.

. An analogous restraint on a contracting party’s right to alter reciprocal duties based on the rule of anticipatory breach recognizes that “the rule has been held inapplicable to a case where the party comes under an involuntary disability to perform his obligations, which disability he may remove previous to the time appointed for their performance.” Perry v. Shaw, 152 Fla. 765, 13 So.2d 811 (1943); Williston on Contracts, Vol. 5, § 1324.