949 So.2d 1066 (2007)
Bill SHAW, Nieves Shaw, Eugenio Rodriguez and Cynthia Rodriguez, Hector Vila and Martha Vila, Eugene M. Williford and Sandra L. Williford, Edward Wilson, Paul Howard and Pam Howard, Jose Sarquis and Mayte Sarquis, Daniel Miller, Helen Fisher, Dora Diaz, Marie Fernandez, Sandra Lynn Craddock, Lori Lee McNew, Melvin Gallar, Eleanor K. Richardson, Ignacio S. Fernandez, Dean Rodriguez, Mary Burbage, Gregg and Debra Jorissen, Richard K. Kellogg, Marcelino and Edna Yanez, Robert and Catherine Mendez, Jr., Perry M. and Georgina C. Gonzalez, Charles T. and Paul A. Strohm, Ted and Sue Strohm, Rodney and Michele M. Douglas, Rhonda Cosgrove, Lillie Mirabole, by her Daughter and next friend, Mary Cardinale, Truong T. Tai, Michael Winsko, *1067 Helen K. Estes, Ellis and Jean Kemper, Marjorie L. Ferrer, Catherine L. Fox, William and Gloria Davis, Albert Cabrera and Sara Cabrera, Presbytery of Tampa Bay, Inc., a church, Appellants,
v.
TAMPA ELECTRIC COMPANY, Appellee.
No. 2D06-2331.
District Court of Appeal of Florida, Second District.
January 5, 2007.
*1068 Norman Cannella, Tampa; and Paul Antinori, Cresson, Pennsylvania, for Appellants.
Mark P. Buell and Charles P. Schropp of Schropp, Buell & Elligett, P.A., Tampa; and James L. Estes, Jr., Tampa Electric Company, Tampa, for Appellee.
ALTENBERND, Judge.
The appellants in this case are a group of homeowners in a neighborhood where Tampa Electric Company (TECO) has installed exceptionally large electrical transmission poles to handle high-voltage power lines between electrical substations. They appeal a summary judgment that denied their claim for a permanent, mandatory injunction. They wanted the circuit court to order TECO to remove these power lines and place them in another location because the massive poles are unsightly and unpleasant. The homeowners' claims for monetary damages remain pending in the trial court.[1] We affirm the order denying injunctive relief.
I. THE STANDARD OF REVIEW FOR A SUMMARY JUDGMENT THAT DENIES A REQUEST FOR A PERMANENT MANDATORY INJUNCTION
An adequate statement of the specific standard of review for use in this case is not a simple matter. An order granting or denying an injunction following an evidentiary hearing is normally reviewed for an abuse of discretion. "The trial court is afforded broad discretion in granting, denying, dissolving, or modifying injunctions, and unless a clear abuse of discretion is demonstrated, an appellate court must not disturb the trial court's decision." Jackson v. Echols, 937 So.2d 1247, 1249 (Fla. 3d DCA 2006). We are not inclined to believe that the appealed *1069 order is subject to this abuse of discretion standard, and the parties have not asked this court to apply that standard.
In this case, the trial court did not conduct an evidentiary hearing, but instead concluded that it should deny injunctive relief at a hearing on a motion for summary judgment. The general "standard of review governing a trial court's ruling on a motion for summary judgment posing a pure question of law is de novo". Major League Baseball v. Morsani, 790 So.2d 1071, 1074 (Fla.2001). "A trial court may enter summary judgment only when there are no genuine issues of material fact conclusively shown from the record and the movant is entitled to judgment as a matter of law." Reeves v. N. Broward Hosp. Dist., 821 So.2d 319, 321 (Fla. 4th DCA 2002). The moving party carries the heavy burden of showing conclusively that the nonmoving party cannot prevail. Snyder v. Cheezem Dev. Corp., 373 So.2d 719, 720 (Fla. 2d DCA 1979). "If the record reflects the existence of any genuine issue of material fact, or the possibility of any issue, or if the record raises even the slightest doubt that an issue might exist, summary judgment is improper." Id. We conclude that the specific standard of review in this case must be a form of de novo review.
In arriving at the proper standard of review, it is helpful to consider the elements necessary to establish entitlement to a mandatory injunction. "A mandatory injunction is proper where a clear legal right has been violated, irreparable harm has been threatened, and there is a lack of an adequate remedy at law." Dep't of Health & Rehabilitative Servs. v. Weinstein, 447 So.2d 345, 345 (Fla. 4th DCA 1984) (citing Gulf Power Co. v. Glass, 355 So.2d 147, 148 (Fla. 1st DCA 1978)); see also Kellerman v. Chase & Co., 101 Fla. 785, 135 So. 127 (1931). Additionally, the granting of a mandatory injunction is proper where it will not disserve the public interest. See Fla. E. Coast Ry. Co. v. Taylor, 56 Fla. 788, 47 So. 345, 346 (1908) (stating that individual rights must in some cases "yield to the paramount rights of the general public").
Finally, it is significant that the order on appeal denies an injunction rather than grants one. At least at an evidentiary hearing if a plaintiff fails to prove one or more of the elements required for an injunction, the trial court is clearly required to deny injunctive relief. At summary judgment if the movant can conclusively establish that the plaintiff will be unable to prove an essential element for this relief at trial, then the trial court has the authority to deny the mandatory injunction at summary judgment as a matter of law.
In consideration of these concepts, our specific standard of review for a summary judgment that denies a permanent mandatory injunction requires that we determine de novo whether the defendant conclusively established that no genuine issue of fact exists that is material to the issues relevant to the plaintiffs' entitlement to a permanent, mandatory injunction and that the plaintiffs would be unable to prove at trial one or more of the essential elements necessary to obtain a permanent mandatory injunction.[2]
*1070 As explained in the next section, we are not deciding a case in which a plaintiff has presented prima facie evidence that might permit a trial court to exercise discretion to grant or deny an injunction. It is understandable that a trial judge might wish to deny a permanent injunction at a summary judgment hearing if it is a foregone conclusion that the judge will deny relief after an evidentiary hearing. Such an approach would appear inconsistent, however, with the discussion in Baskin v. Griffith, 127 So.2d 467, 474 (Fla. 1st DCA 1961), of the propriety of summary judgment in an equity proceeding.[3]

II. APPLYING THE STANDARD OF REVIEW IN THIS CASE
It was undisputed in the trial court that the electrical poles, although very large and certainly not a desirable component of a residential neighborhood, had been installed in a designated right-of-way pursuant to a permit issued by the Hillsborough County engineering department. They were a necessary portion of the electric grid, creating a loop that provides electrical service to Hillsborough and Pinellas Counties. If the trial court ordered them removed from this neighborhood, they would need to be placed elsewhere, impacting other residents' property and disrupting electrical service to TECO customers. Such an injunction would have been very expensive and difficult to enforce.
While it is obvious from the record that the trial court was not certain that the plaintiffs had any clear legal right to relief and that it was concerned about the likely public disservice that would be created by such injunction, the trial court ultimately granted the summary judgment on the theory that the plaintiffs could not establish at trial the inadequacy of their legal remedy. If the trial court ultimately determined that the poles created a legal nuisance, even though they had been lawfully installed in the right-of-way, the trial court could still provide an adequate legal, monetary remedy for the damage. The damage to the plaintiffs' property could be measured based upon the diminution in the value of the plaintiffs' homes. See Exxon Corp., U.S.A. v. Dunn, 474 So.2d 1269, 1273 (Fla. 1st DCA 1985) (holding that in a nuisance action, the damages caused to real estate are measured by the depreciation in the value of the property). Under the undisputed facts in this case, that remedy was sufficient and the trial court thus had no legal authority to exercise its discretion to order TECO to remove and relocate this portion of its power grid. *1071 Accordingly, we conclude that the trial court did not err in granting summary judgment in this case.
Affirmed.
DAVIS and VILLANTI, JJ., Concur.
NOTES
[1] This court reviews this order as a nonfinal order pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(B).
[2] Other courts have also struggled with the standard of review in this context, reaching various decisions. See, e.g., Bertucci's Rest. Corp. v. New Castle County, 836 A.2d 515 (Del.Ch.2003); DMS Pharm. Group v. County of Cook, 345 Ill.App.3d 430, 280 Ill.Dec. 921, 803 N.E.2d 151 (2003); Young v. Mory, 294 Ill.App.3d 839, 228 Ill.Dec. 965, 690 N.E.2d 1040 (1998); Jim Rutherford Invs., Inc. v. Terramar Beach Cmty. Ass'n, 25 S.W.3d 845, 848 (Tex.App.2000).
[3] Whether a trial court could properly grant a summary judgment denying a mandatory injunction because it was certain that the undisputed evidence at the time of the summary judgment hearing was so strong that the trial court could or would never be convinced at a final hearing to exercise its discretion to grant such relief is an interesting issue. Especially in the context of a mandatory injunction, there may be room for such a summary judgment. "Mandatory injunctions are looked upon with disfavor, and the courts seem even more reluctant to issue them than prohibitory ones." Johnson v. Killian, 157 Fla. 754, 27 So.2d 345, 346 (1946) (citing Allen v. Stowell, 145 Cal. 666, 79 P. 371 (1905)). Moreover, they "should be granted only in situations which so clearly call for it as to make its refusal work real and serious hardship and injustice." Id. (quoting Lyons v. Walsh, 92 Conn. 18, 101 A. 488, 490 (1917)); see also Gasparilla Inn, Inc. v. Sunset Realty Corp., 358 So.2d 234, 236 (Fla. 2d DCA 1978) (stating trial courts are seldom reversed for refusing to grant mandatory injunctions because the determination rests largely in the trial court's discretion). Thus, we do not rule out the possibility that a trial court could properly grant a summary judgment refusing to exercise discretion to issue a mandatory injunction even when the plaintiff presented some evidence to support an injunction, but this more difficult question is not a matter that we are required to resolve in this case.