DAMOORGIAN, C.J.
Appellants, Eco-Tradition, LLC, Eco-Lube of Jupiter f/k/a Eco-Lube Corporation, Eco-Lube of Tradition, Inc., Eco-Jupiter, LLC and David M. Donan, (collectively “Eco-Tradition”), appeal a partial summary judgment granting injunctive relief authorizing Pennzoil to inspect land owned by Eco-Tradition. We reverse.
Pennzoil filed a lawsuit against Eco-Tradition for its failure to pay certain *496 debts due to Pennzoil under the terms of several promissory notes which were secured by a mortgage that encumbered Eco-Tradition’s property.[1] In its amended complaint, Pennzoil sought affirmative injunctive relief compelling Eco-Tradition to allow Pennzoil to inspect its property. The basis for the relief sought was contained in the mortgage which authorized Pennzoil to inspect the property at reasonable times.
Pursuant to Fla. R. Civ. P. 1.510, Pennzoil filed a motion for summary judgment asserting the right to inspect the land under the terms of the mortgage. In its motion, Pennzoil asserted the elements required to obtain injunctive relief. It also filed two affidavits from its inspectors to establish the need to inspect and that Eco-Tradition refused to allow the inspection. The motion was unsworn and did not contain “any affidavits, answers to interrogatories, admissions, depositions and other materials as would be admissible in evidence” establishing that the mortgage attached to the amended complaint was the mortgage alleged to have been given by Eco-Tradition. See id.
Eco-Tradition filed a motion to dismiss and response to the summary judgment. In its response, Eco-Tradition argued that the copy of the mortgage attached to the complaint could not be considered by the court because it was unauthenticated.[2] The trial court granted Pennzoil’s motion for partial summary judgment and this appeal follows.
“An order granting or denying an injunction following an evidentiary hearing is normally reviewed for an abuse of discretion.” Shaw v. Tampa Elec. Co., 949 So.2d 1066, 1068 (Fla. 2d DCA 2007). However, the “ ‘standard of review governing a trial court’s ruling on a motion for summary judgment posing a pure question of law is de novo.’ ” Id. at 1069 (quoting Major League Baseball v. Morsani, 790 So.2d 1071, 1074 (Fla.2001)). Because the trial court did not conduct an evidentiary hearing but instead granted injunctive relief on a motion for summary judgment, we apply the de novo standard of review.
A motion for summary judgment shall “state with particularity the grounds upon which it is based and the substantial matters of law to be argued and shall specifically identify any affidavits, answers to interrogatories, admissions, depositions and other materials as would be admissible in evidence on which the movant relies.” Fla. R. Civ. P. 1.510. Summary judgment is improper unless the record demonstrates that there are no genuine issue as to any material fact and that the party is entitled to the judgment as a matter of law. Snyder v. Cheezem Dev. Corp., 373 So.2d 719, 720 (Fla. 2d DCA 1979). Here, Pennzoil failed to present any evidence, affidavits, depositions, or documents establishing the validity of the mortgage and notes. Accordingly, it was error for the trial judge to rely solely on Pennzoil’s un-sworn second amended complaint and unauthenticated attachments. See TRG-Brickell Point NE v. Wajsblat, 34 So.3d 53, 55 (Fla. 3d DCA 2010) (holding “it is apodictic that summary judgments may not be granted at any type of hearing, absent the existence of ‘summary judgment evidence’ in the record.”).
*497 Therefore, we reverse the trial court’s order granting Pennzoil’s motion for partial summary judgment as to Count I (mandatory injunction) and remand for further proceedings consistent with this opinion.

Reversed and Remanded.

WARNER and FORST, JJ., concur.

. Pennzoil amended its complaint attaching copies of the mortgage and notes. The amended complaint was not sworn.

. It also argued that the promissory notes were defective because Annex B — reflecting the amount of each advancement on the note made to the borrower to the notes — was not completed. We find this argument to be without merit as it applies to the claim for injunctive relief.