# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D2024-0256
_____

LOCK PROPERTIES LLC,

    Appellant,

    v.

KELLY PLANTATION OWNERS
ASSOCIATION, INC., a Florida
corporation not for profit,

    Appellee.

_____

On appeal from the County Court for Okaloosa County.
Angela Mason, Judge.

November 19, 2025

LONG, J.

Lock Properties, LLC, whose managing member is Henry Lock (individually and collectively, "Lock"), appeals from the trial court's order granting summary judgment in favor of Kelly Plantation Owners Association, Inc. (the "Association"), and enjoining Lock to remove and replace the roof on his house.

This case arose from Lock replacing his roof without the Association's prior approval. The replacement roof consists of a steel underlayment that is covered in barrel roofing tiles made of

stone. The Association's documents require residents to obtain the Association's approval before installation of a roof, and the documents prohibit "[m]etal roofs." Thus, the Association filed a complaint for permanent injunctive relief against Lock. The Association sought to force Lock to remove and replace his new roof. It alleged two violations: (1) the new roof was installed without prior approval, and (2) the new roof is a prohibited metal roof. Lock responded claiming that his roof is not a metal roof but conceding that he installed the roof without prior approval.

The Association moved for summary judgment, and the trial court granted the motion, finding that Lock's roof was a "metal roof." The trial court consequently ordered Lock to remove and replace the roof. This appeal followed. On appeal, Lock argues that there is a genuine dispute of material fact as to whether his roof is a "metal roof." And he argues that his installation of the roof without prior approval cannot support the injunction requiring him to remove and replace his roof. We agree and reverse.

"Summary judgment is appropriate 'only if there is no genuine issue of material fact and if the moving party is entitled to a judgment as a matter of law.'" *Strama v. Union Fidelity Life Ins. Co.*, 793 So. 2d 1129, 1132 (Fla. 1st DCA 2001) (quoting *Menendez v. Palms West Condo. Ass'n*, 736 So. 2d 58, 60 (Fla. 1st DCA 1999)). There is no dispute that Lock's roof contains metal. And the parties agree that the roof is covered with stone tiles. The dispute is whether the metal underlayment suffices to make the roof a "metal roof." There is, therefore, a genuine dispute over whether the roof is a metal roof. This disputed material fact renders summary judgment inappropriate.

Lock next challenges the injunction requiring him to remove and replace the roof. "[A] mandatory injunction is proper 'where a clear legal right is at stake, irreparable harm is threatened, and the remedy at law is inadequate.'" *Fowler v. Burnham*, 408 So. 3d 834, 837 (Fla. 1st DCA 2025) (quoting *Gulf Power Co. v. Glass*, 355 So. 2d 147, 148 (Fla. 1st DCA 1978)). But "to enforce a restrictive covenant, one need not show that the violation thereof amounts to an irreparable injury" or that it lacks an adequate remedy at law. *Id.* (quoting *Europco Mgmt. Co. of Am. v. Smith*, 572 So. 2d 963,

2

968 (Fla. 1st DCA 1990)).  Still, a homeowners' association does not have unlimited authority to enforce its covenants by way of mandatory injunction.  *See id.*  A party may successfully challenge the enforcement of a covenant by proving "defensive matters that preclude enforcement, such as that the enforcing authority has acted in an unreasonable and arbitrary manner."  *Id.* (quoting *Killearn Acres Homeowners Ass'n, Inc. v. Keever*, 595 So. 2d 1019, 1021 (Fla. 1st DCA 1992)).

The Association effectively concedes that requiring Lock to remove and replace his roof would be unreasonable if the roof is not a prohibited metal roof.  As the Association explains, "[i]f an owner installed an 'indisputably compliant' roof without approval and then sought approval, an association could approve the compliant roof so removal would be unnecessary."  Consequently, the trial court erred when it granted summary judgment and awarded injunctive relief in favor of the Association.  We REVERSE the trial court's order and REMAND this case to the trial court for further proceedings.

OSTERHAUS, C.J., and WINOKUR, J., concur.

-----

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

-----

Daniel S. Rosenheim and Gregory J. Philo of Burke Blue, Panama City Beach, for Appellant.

Jennifer Gutai Comella of Hand Arendall Harrison Sale, LLC, Destin, for Appellee.

3