DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**MICHAEL J. DEAN,**
Appellant,

v.

**1180 BIMINI, LLC,**
Appellee.

No. 4D2024-2963

[January 7, 2026]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; James Nutt, Judge; L.T. Case No. 502020CA008554.

J. Chris Bristow of Critton, Luttier & Coleman LLP, West Palm Beach, for appellant.

James S. Telepman of Cohen, Norris, Wolmer, Ray, Telepman, Berkowitz & Cohen, North Palm Beach, for appellee.

KLINGENSMITH, J.

Appellant Michael J. Dean appeals the injunction entered against him after appellee 1180 Bimini, LLC moved for summary judgment in an action regarding a boundary dispute between neighbors. Appellee is an entity that owns the property adjacent to appellant's property. We affirm on all issues raised except the issue of whether the trial court erred in entering the final judgment that included an injunction. Because appellee properly concedes error on that point, we agree and reverse.

The trial court's final judgment stated that the "proper boundary location of the boundary between Lots 45 and 46 is reflected on the surveys submitted into evidence." The judgment further stated appellant is "enjoined from entering, interfering and encroaching upon Lot 45." The judgment provided no other reasoning or explanation.

Appellant moved for rehearing, arguing the final judgment did not comply with Florida Rule of Civil Procedure 1.610 because it failed to state the reasons for entry of the injunction, the act or acts restrained, and did not identify the property at issue without looking at another document.

Appellant also argued the final judgment was vague for failing to define the terms of the proscribed actions, such as "interfering." The trial court denied appellant's motion and this appeal followed.

"[T]he standard of review governing a trial court's ruling on a motion for summary judgment posing a pure question of law is de novo." *Eco-Tradition, LLC v. Pennzoil-Quaker State Co.*, 137 So. 3d 495, 496 (Fla. 4th DCA 2014) (quoting *Shaw v. Tampa Elec. Co.*, 949 So. 2d 1066, 1069 (Fla. 2d DCA 2007)) (internal quotation marks omitted). The standard of review for an injunction that was granted on summary judgment without an evidentiary hearing is also de novo. *Id.*

Florida Rule of Civil Procedure 1.610(c) says:

> Every injunction shall specify the reasons for entry, shall describe in reasonable detail the act or acts restrained without reference to a pleading or another document, and shall be binding on the parties to the action, their officers, agents, servants, employees, and attorneys and on those persons in active concert or participation with them who receive actual notice of the injunction.

"Failure to include specific reasons for issuing [an] injunction has resulted in reversals of [those] injunctions." *Premier Lab Supply, Inc. v. Chemplex Indus., Inc.*, 10 So. 3d 202, 206 (Fla. 4th DCA 2009) (temporary injunction reversed for lack of specificity); *see also Smith v. Crider*, 932 So. 2d 393, 398 (Fla. 2d DCA 2006). "Based on the clear wording of the rule, the specificity requirement applies to both temporary and permanent injunctions." *Premier Lab Supply*, 10 So. 3d at 207; *see also Hasley v. Harrell*, 971 So. 2d 149, 152 (Fla. 2d DCA 2007).

We agree that the wording of the trial court's injunction lacks the requisite specificity required by rule 1.610(c). Therefore, we reverse and remand for the trial court to reconsider this portion of the ruling in accordance with the rule.

*Affirmed in part, reversed in part and remanded with instructions.*

GERBER and LEVINE, JJ., concur.

\*　　　\*　　　\*

**Not final until disposition of timely-filed motion for rehearing.**

2