HENRY J. STEPHENS, WILLIAM ADAMS, LOUISE ADAMS, CARL H. FRANCIS AND MRS. CARL H. FRANCIS, *Appellants,* v. LILLIAN A. STEPHENS, *Appellee.*

Opinion Filed May 14, 1924.

This case was decided by Division B.

Except in rare cases, where the right is clear and free from reasonable doubt, a mandatory injunction, commanding the defendant to do some positive act, will not be ordered until after final hearing.

. An Appeal from the Circuit Court for Dade County; E. C. Davis, Judge. ·

Orders reversed.

*A. J. Rose, J. W. Watson, Jr.,* and *Fred T. Myers,* for Appellants;

. *Fred Botts,* for Appellee. ·

WHITFIELD, J.—In a bill of complaint filed by the appellee Lillian A. Stephens, it is among other matters in substance alleged that appellee and the appellant Henry J. Stephens had been married and lived together as husband and wife and had one child; that appellee purchased a home in which they lived which was subsequently sold and another home purchased with appellee's funds in which the family lived; ''that by inadvertence the deed to said property was made to Henry J. Stephens, appellee's husband, instead of being made to your oratrix as should have been done and this, notwithstanding the fact that your oratrix had negotiated the transaction and· that the entire consideration for said purchase was paid out of the separate properties and monies of your oratrix; that your oratrix had no intention of making a gift of said property to the defendant, Henry J. Stephens, but intended at all times to retain the same as her separate property; that by reason of the premises and of the fact that the entire purchase· of said premises had been paid by your oratrix but the legal title by inadvertence placed in the name of Henry J. Stephens as aforesaid, your oratrix is the owner of the equitable title to said premises and the said Henry J. Stephens holds the legal title thereto in trust for your oratrix;'' that subsequently the defendant husband ob-

tained a divorce from appellee and later while appellee and her child were living at the said home the defendant Stephens fraudulently and surreptitiously obtained possession thereof and excluded appellee therefrom, the property being occupied by the appellants. The prayer is for a mandatory injunction for the surrender of the property to complainant "for her use as her home and until a final decree of this court; that defendants and each of them shall be temporarily enjoined and prohibited from annoying your oratrix in her use, possession and occupancy of said premises or from in any way interferring with or impeding her use, possession and occupancy of the same, or from in any manner annoying her on account of her occupancy of said premises, and that upon final hearing said temporary injunction may be made permanent; that said Henry J. Stephens may be temporarily and permanently enjoined from prosecuting any action of ejectment otherwise in an attempt to oust defendant from her use, occupancy and possession of said premises pending a final decree in the case; that by decree of this court it may be adjudged that said defendant, Henry J. Stephens, holds the legal title to said property in trust for your oratrix, and that said Henry J. Stephens may be, by decree of this court, commanded and strictly enjoined to convey to your oratrix the legal title to said premises by a good and sufficient deed," etc.

The court without notice to appellants on bill and an affidavit ordered the possession of the property delivered to the appellee and enjoined appellants from interferring with apellee's possession until further order of the court and subsequently denied a motion to dissolve the mandatory injunction. Defendants appealed.

Except in rare cases, where the right is clear and free from reasonable doubt, a mandatory injunction, command-

ing the defendant to do some positive act, will not be ordered until after final hearing, and then only to execute the judgment or decree of the court. Florida East Coast R. Co. v. Taylor, 56 Fla. 788, 47 South. Rep. 345.

In this case the bill alleges that the legal title to the property is in the appellant divorced husband. In order to have a resulting trust in the property decreed in favor of the complainant below, appellee here, the essential facts must be duly alleged and proven in due course.

There was no sufficient showing to warrant a mandatory injunction at least prior to a due adjudication of the equities, therefore the orders appealed from are reversed.

WEST AND TERRELL, J. J., concur.

TAYLOR, C. J., AND ELLIS AND BROWNE, J. J., concur in the opinion.