AMERICAN FIRE AND CASUALTY COMPANY v. PAUL RADER,.
Trading as the Safety Cab Company, et al.

36 So. (2nd) 270            June Term, 1948
July 16, 1948              Division A

*Maguire, Voorhis & Wells* and *Carver, Langston & Carver,.*
for petitioner.

*Bentley & Shafer* for Paul Rader and *Marks, Gray, Yates·
& Conroy,* for other respondents.

TERRELL, J.:

Respondent is engaged in the taxi cab business and operates from six to ten passenger automobiles. He made application to have his liability insurance assigned as per the "Florida Automobile Assigned Risk Plan." In response to said application it was assigned to petitioner and on October 24, 1947, it issued Policy No. 389 701, in his favor. On May 20, 1948, petitioner advised respondent by letter that said policy was cancelled as of June 2, 1948. The order of cancellation was on appeal affirmed by the Governing Committee of the Florida Automobile Assigned Risk Plan, June 1, 1948. Appeal was taken to the Insurance Commissioner and on June·

4, 1948, while it was being heard, respondent, feeling aggrieved, left the hearing and abandoned his appeal.

This suit was instituted by respondent June 5, 1948, by bill of complaint praying "that the court issue its temporary injunction restraining the American Fire and Casualty Company from cancelling Policy No. 389 701 on this plaintiff's automobiles, or in the alternative, order the said defendant, American Fire and Casualty Company, to reinstate and continue in force said Policy No. 389 701 during the term stated therein." The bill of complaint is grounded on the theory that plaintiff was denied due process in his appeals to the Governing Committee and to the Insurance Commissioner. A temporary restraining order was granted without notice when the bill was filed. This appeal is by certiorari under Rule 34 of the Rules of this Court (1) from the decree granting a temporary restraining order without notice, and (2) from a second order granted without notice directing the petitioner to furnish the Florida Railroad and Utilities Commission and the City of Lakeland its certificate of insurance certifying to the fact that respondent is insured against loss in accordance with the terms of Policy No. 389 701, and that such insurance extends to the 24th day of June 1948.

The primary question presented is whether or not the bill of complaint states a case for injunction and if it does, whether such injunction should have been granted without notice.

Respondent contends that it is unnecessary to answer this and the other questions raised because they are now moot. He bases this contention on the ground that his contract with relator expired June 24, 1948, and since that date is long past no further relationship between relator and respondent under said contract of insurance can come into existence, except any claim for liability which accrued prior to the date said policy was cancelled. Respondent further contends that it is now insured with another insurance carrier, consequently an answer to the questions raised here would serve no useful purpose.

In answer to this contention it is enough to say that we reject the contention that only moot questions are raised.

The relief sought was in the nature of a mandatory injunction. This court is committed to the doctrine that such an injunction will not be granted until after final hearing except in rare cases where the right is clear and free from reasonable doubt. Stephens v. Stephens, 87 Fla. 466, 100 So. 746. The bill of complaint must allege definitely every fact necessary for relief. The allegation of opinions, or legal conclusions is not sufficient. Baker v. McKinney, 54 Fla. 495, 44 So. 944; Hall v. Horne, 52 Fla. 510, 42 So. 383; House v. Nash, 90 Fla. 123, 105 So. 266.

The last quoted case is much like the case at bar and we might rest what we have to say on the authority of that case. Testing the bill of complaint by the rule laid down and supported in the quoted cases, relator failed to state a case for injunctive relief; neither is there a basis for the supplemental order appealed from. The insurance policy and the rules of the Florida Automobile Assigned Risk Plan are the primary basis of respondent's complaint and neither was made a part of the bill of complaint. We are not advised whether or not the Insurance Commissioner has approved the latter plan. Certainly the bill of complaint in a case like this must aver these and other essentials.

Even if the bill of complaint has been sufficient in equity it fails to meet the requirements of Section 63.73 F.S.A., defining the prerequisite for an injunction without notice. The bond required was inadequate. Other questions are immaterial and are not treated.

Certiorari granted and the judgment is reversed.

THOMAS, C. J., CHAPMAN and SEBRING, JJ., concur.