107 So.2d 136 (1958)
Kenneth FRANK, Individually, and as sole stockholder of St. Francis Corporation, a Florida corporation, Appellant,
v.
Vincent J. ANTHONY, Donald Coppola, C. Philip Epifano, Joseph Tedesco, and the Indian River Citrus Bank, Appellees.
No. 177.
District Court of Appeal of Florida. Second District.
October 31, 1958.
Rehearing Denied November 24, 1958.
Herbert Nadeau, of Anderson & Nadeau, Miami, and Fee, Parker & Sample, Fort Pierce, for appellant.
*137 John R. Gould, Vero Beach, and R. Bruce Jones, of Jones, Adams, Paine & Foster, West Palm Beach, for appellees.
SPOTO, I.C., Associate Judge.
Appellant filed a complaint in equity, individually and as sole stockholder of St. Francis Corporation, a Florida corporation, seeking a decree declaring him to be the president of the corporation, restraining the individual appellees from acting as officers and directors of the corporation and requiring the appellee bank to honor only appellant's signature on the corporation's checking account. The defendants, appellees here, answered denying that plaintiff was the sole stockholder of the corporation or president of the corporation and alleging that his actions purporting to remove them and elect a new board were unlawful and ineffective. On cross motions for summary relief based upon the pleadings, depositions, answers to interrogatories, exhibits and affidavits, the chancellor entered a summary final decree against the appellant. The final decree dismissed the complaint and directed the bank to honor the signatures of those appellees named in the corporation's previously adopted bank resolution, until required otherwise by a resolution of the corporation's board of directors.
St. Francis Properties, Inc. was incorporated in November, 1956, with authorized capital of $200,000. On December 1, 1956, plaintiff, defendants and others formed a partnership known as Vero Investors, Ltd. to purchase certain real property. Plaintiff paid $100 for a 20% interest in the partnership, and the remaining partners contributed some $600,000 collectively, which was used primarily for the purchase of a large tract of land, title to which was taken by a trust set up for the purpose with the partners as beneficiaries. On December 6, 1956, the corporation's name was changed to St. Francis Corporation, and the authorized capital increased to $1,000,000 on January 26, 1957, in contemplation of an option being given to the corporation for the purchase of the partnership's real property. A "memorandum of procedure" was drawn up on January 28, 1957, which outlined the option arrangement, and contemplated the issuance of 600,000 shares (at $1 a share) to the partners according to their proportionate interest in the partnership, with plaintiff in addition given a three-year option to buy 200,000 shares, and the remaining 200,000 shares held as treasury stock to redeem convertible bonds. Meanwhile, in the latter part of December or the first of January, 1957, a certificate for 500 shares of the corporation's stock had been issued to plaintiff, and according to the defendant's depositions, unknown to them. Plaintiff was one of the original incorporators and directors, along with Marshall Mitchell, the attorney drawing up to corporation, and two other persons in Mitchell's office. These nominal incorporators resigned shortly after the corporation came into existence and plaintiff, as sole remaining director, elected the natural defendants as directors to fill the vacancies thereby created. On January 29, 1957, the board of directors adopted a resolution authorizing defendants Anthony and Coppola to draw checks on the corporation's bank account in the Indian River Citrus Bank. Plaintiff had apparently at all times been president of the corporation, at least he was on March 29, 1957, when, at a special meeting of the directors he was asked to resign as president, walked out, and was thereafter removed as president by a 2/3 vote of the directors, as authorized by the corporate by-laws.
On the same day plaintiff called a meeting of himself, as sole stockholder, and voted to remove the then existing board of directors and appoint himself and two others as a new board of directors, only one of whom, Augusta C. Dowdell, was present at this meeting. There was no provision in the charter or by-laws for removing a director at the time of this meeting, however on July 2, 1957, plaintiff held another meeting of "the stockholders", and amended the by-laws so as to authorize *138 the removal of a director upon the vote of a majority of the stockholders, with or without cause. At this meeting he also ratified the previous action of removing the old board of directors and electing the new board, and adopted a motion calling on the trustees to deed the real estate held by them to the corporation as set out in the option, in return for a 3-year $3,000,000 note. The "new board" authorized only the plaintiff to draw on the corporate bank account, this authorization conflicting with that of the "old board" which continued to assert that it was the legal board of directors. The bank naturally refused to honor any checks until the differences were resolved by the parties or a court of law, and plaintiff thereupon instituted this suit.
The appellant made several contentions: first, that he, as sole stockholder, had a right to call a meeting of stockholders and amend the by-laws so as to provide for the removal of directors without cause; second, that the fact that the appellee directors voted to oust him as president, appropriate the books and records of the corporation and bar him from the corporate offices, constituted sufficient cause for their removal as directors; third, that issues of fact were created by appellant's denial that the meeting of March 29, 1957, at which he was removed as president, was a valid meeting of the directors of the corporation and by his denial that the directors had sufficient cause to remove him as president. He further contends that the appellee directors were not elected to office but were designated by him as sole surviving director and that the provisions of law applicable to duly elected directors were not applicable to the appellee directors.
We find no merit in any of appellant's contentions. As to whether or not appellant was the sole stockholder of the corporation, the trial court made no finding and such was not necessary to the determination of the issues decided by the Court.
Appellant, who was one of the directors, as well as president, was removed as president by the other two directors of the corporation. Whether or not they had sufficient cause to remove him does not create an issue of fact. We find nothing in the record or argument of counsel to justify an exception to the general rule that the officers of a corporation serve only at the pleasure of the directors. See Florida Statutes, § 608.40, F.S.A. and 19 C.J.S. Corporations § 738, pp. 71-72. And whether or not he had called the meeting or had notice of the meeting of directors at which he was removed as president is immaterial under the circumstances and does not create an issue of fact. See Howell Turpentine Co. v. Commissioner of Internal Revenue, 5 Cir., 162 F.2d 316, at page 323, where the Court pointed out that notice of the meeting could easily have been given to the dissenter and the votes of the others "would carry the question over his objection". Also see Etheredge v. Barrow, Fla.App., 102 So.2d 660, 663, in which this Court held that in a closed corporation, where all of the directors and holders of the stock of a corporation were present and participated in a discussion in regard to certain corporate property on which delinquent taxes were owed, although such meeting was not a formal meeting, agreement therein reached to permit purchase of such land by one of the directors would be regarded as action of the directors giving such approval, and afforded such legal effect.
"The doctrine of permitting closed corporations to act informally is recognized as an exception to the general rule that directors must act as a board at duly convened meetings. In fact it is well known that corporations which include only a few stockholders do not often act with as much formality as larger companies. This is especially so where the members of the board, actually and directly, personally conduct the business." 2 Fletcher Cyclopedia of Corporations, § 394.1.
If appellant's contract of employment as president was breached by his removal, he *139 has an appropriate remedy by an action for damages thereon. See Florida Fire & Casualty Insurance Co. v. Hart, 73 Fla. 970, 75 So. 528.
Whether or not the appellant was the sole stockholder of the corporation, he had no authority under the articles of incorporation or the by-laws, prior to the regular annual meeting of stockholders, to remove the directors without cause and without notice or an opportunity to be heard, nor did he have the power, at that time, to amend the by-laws. The distinction between the power to remove corporate officers without cause and without notice and the power to remove corporate directors only upon cause and notice, in the absence of specific authority to the contrary, is well established. See 19 C.J.S. Corporations § 738, pp. 71-72. Also see In re Automotive Manufacturers' Ass'n, Inc., 120 Misc. 405, 199 N.Y.S. 313 and Abberger v. Kulp, 156 Misc. 210, 281 N.Y.S. 373.
It is true that the appellee directors were not elected at a stockholder's meeting but had been designated to fill the vacancies in the board as provided in Section 608.08 of the Florida Statutes, F.S.A. However, nothing in this statutory provision nor the certificate of incorporation nor the applicable by-laws support appellant's contention that the stockholders may remove directors so designated to fill vacancies before the next annual meeting of the stockholders.
We therefore approve the chancellor's refusal to set aside appellant's removal as president or to uphold the attempted ouster of the appellee directors and appellant's attempt to assume control of the corporations' bank account, to the exclusion of the individual appellees who were the remaining officers and directors and who claim to be most heavily involved as investors in the corporation.
Affirmed.
KANNER, C.J., and ALLEN, J., concur.