205 So.2d 660 (1968)
MONTGOMERY PIPE & TUBE CO. OF FLORIDA, a Florida Corporation, and David H. Smith, Ervin Greenbaum and Stanley Spitzer, Individually, Appellants,
v.
Sidney MANN, Appellee.
No. 67-745.
District Court of Appeal of Florida. Third District.
January 9, 1968.
Kelly, Black & Black, Neal P. Rutledge, Miami, for appellants.
Horton & Schwartz, Kovner, Mannheimer & Greenfield, Miami, for appellee.
Before BARKDULL, HENDRY and SWANN, JJ.
SWANN, Judge.
This interlocutory appeal is from an order which granted a temporary injunction to the plaintiff below, Sidney Mann (appellee).
The appellant, Montgomery, is a Florida corporation. Its stockholders consisted of the appellants, Smith, Greenbaum, Spitzer and the appellee, Sidney Mann.
Appellant's corporate by-laws contained, in Article V, Section 5, the following language:
"The officers of the corporation shall hold office for one year or for such period as may be designated by the board of directors. Any officer elected or appointed by the board of directors may be removed at any time, with or without cause, by the affirmative vote of a majority of the whole board of directors. If the office of any officer becomes *661 vacant for any reason, the vacancy shall be filled by the board of directors."
All of the stockholders of this close corporation had entered into a stockholders' agreement which provided that the corporation would conduct its business subject to the provisions of the stockholders' agreement.
Paragraph 10 of the stockholders' agreement provided as follows:
"Employment of Stockholders. The stockholders shall vote their stock so as to provide the following:
"(a) Each of the Stockholders shall be a member of the Board of Directors of the Corporation.
"(b) The Stockholders shall hold the following officerships:
 Mann President
 Smith Vice President  Secretary
 Greenbaum Vice President
 Spitzer Treasurer and Assistant
 Secretary
"(c) The Stockholders shall receive the following annual compensation for their services; Mann shall receive $50,000;
then various amounts were provided for the other stockholders.
Apparently, officers were elected, stockholders employed and salaries paid under the stockholders' agreement until June 17, 1967. At that time, a meeting of the board of directors of Montgomery was held and Mann was removed as president of Montgomery and his salary of $50,000 per annum was suspended.
Mann thereafter filed his complaint, seeking, essentially, reinstatement to the office of president of Montgomery and restoration of his salary benefits.
After various hearings, the court below entered its injunctive order on August 8, 1967, from which this appeal arises. The order did not reinstate the appellant, Mann, as president of Montgomery, but directed the corporation to reinstate his salary retroactively until June 17, 1967, and directed it to continue paying his salary until the final hearing. It continued an injunction bond of $10,000 previously filed and permitted Mann to visit the corporate plant two days each week to inspect the books and premises of the corporation.
The appellants challenge the validity of this order.
Usually, a mandatory injunction in Florida will not be granted until after a final hearing on the merits as its effect before that time has been compared to awarding execution before trial and judgment. Florida East Coast Ry. Co. v. Taylor, 56 Fla. 788, 47 So. 345 (1908); Kellerman v. Chase & Co., 101 Fla. 785, 135 So. 127 (1931); 17 Fla.Jur. Injunctions, § 10.
A mandatory injunction may be granted prior to final hearing, however, in rare cases where the right is clear and free from reasonable doubt. American Fire & Casualty Co. v. Rader, 160 Fla. 700, 36 So.2d 270 (1948); Kline v. State Beverage Department of Florida, Fla. 1955, 77 So.2d 872.
We find that the right of Mann to continue drawing a salary of $50,000 per year from the corporation, under these circumstances, is not so clear and free from reasonable doubt as to warrant the *662 granting of a mandatory injunction prior to final hearing on the merits.
A reasonable doubt arises as to whether the by-laws and the agreement are in direct conflict or are ambiguous, and if so, which controls? Does Paragraph 10(c) of the agreement contemplate an employment contract of Mann's services by the corporation? If so, it is generally held that the courts wil not compel specific performance of personal service contracts. Bacon v. Karr, Fla.App. 1962, 139 So.2d 166. These matters should be fully explored at a final hearing on the merits.
We therefore reverse that portion of the order which required the appellant Montgomery to pay Mann's salary from June 17, 1967 until the final hearing and remand this issue for determination at final hearing.
We affirm all other parts of the challenged order but direct that the injunction bond, on remand, should be amended and made payable to the proper parties.
Affirmed in part, reversed in part and remanded with directions.
It is so ordered.