DANIEL S. PEARSON, Judge.
The Priesses, alleging that Delta General Corporation had failed to complete a house within the time agreed upon in a contract, brought suit for declaratory and injunctive relief and damages. On the Priesses’ motion for temporary injunction, the trial court ordered Delta to “exercise all good faith efforts to complete the house contracted for with the Plaintiffs within ninety (90) days.” Delta appealed. We have jurisdiction. See Fla.R.App.P. 9.130(a)(3)(B).
 The order commanding Delta to complete the house within the time set by the court is a mandatory injunction. The law is well settled that a mandatory injunction may not be granted prior to a final hearing on the merits, except in those rare cases where the right to it is clear and free from reasonable doubt. American Fire & Casualty Co. v. Rader, 160 Fla. 700, 36 So.2d 270 (1948); Florida East Coast Railway Company v. Taylor, 56 Fla. 788, 47 So. 345 (1908); Montgomery Pipe & Tube Co. of Florida v. Mann, 205 So.2d 660 (Fla. 3d DCA 1968). This case does not fall within the exception. Indeed, the record reflects serious disputes over whether the completion date called for by the original contract was extended by a second contract to a date well beyond the date ordered by the court for completion, and whether delays in completion were caused by the Priesses. The *1084 right of the Priesses to a temporary mandatory injunction is far from clear and hardly free from reasonable doubt.
Accordingly, the order of the trial court is vacated.[1]
Reversed and remanded.

. Our decision makes it unnecessary to rule on Delta’s further claim that the trial court erred in granting this temporary injunction without bond in the absence of any evidence that the Priesses were financially unable to give bond. In the present case, this clear error, see Fla.R. Civ.P. 1.610(b); Muss v. Rosenberg, 353 So.2d 203 (Fla. 3d DCA 1977), serves only to exacerbate the error of entering the mandatory injunction.