426 So.2d 1049 (1983)
Asher MELZER, Appellant,
v.
JACOB AGAY H. and Sanina, N.V., Appellees.
No. 81-1450.
District Court of Appeal of Florida, Third District.
January 25, 1983.
Rehearing Denied March 14, 1983.
Horton, Perse & Ginsberg and Arnold Ginsberg, Miami, for appellant.
Schwarz & Schiffrin and Michael Schiffrin, Miami Beach, for appellees.
Before HUBBART and DANIEL S. PEARSON, JJ., and EZELL, BOYCE F. Jr., (Ret.) Associate Judge.
PER CURIAM.
This is an appeal from a final judgment denying the plaintiff Asher Melzer specific performance and injunctive relief on an employment contract and awarding compensatory and punitive damages to the defendants Jacob Agay H. and Sanina, N.V. on a counterclaim sounding in fraud and breach of contract. We conclude that no cause of action was made out below on either claim and, accordingly, affirm in part and reverse in part.
No cause of action for specific performance and injunctive relief was made out below because the plaintiff Melzer as a former employee plainly had an adequate remedy in damages in a breach of contract suit against his former employers, the defendants herein, if he had any claim at all. Taylor v. Fla. East Coast Rwy, 54 Fla. 635, 45 So. 574 (1907); Adjmi v. Pankonin, 126 So.2d 153, 155 (Fla. 3d DCA), cert. denied, 129 So.2d 141 (Fla. 1961). No cause of action for fraud was made out below because the sole evidence thereon related to (a) alleged misrepresentations made by the plaintiff concerning his employment qualifications, and (b) other business activity which allegedly enriched the plaintiff, but in no way *1050 injured the defendants; this aforesaid action may have been sufficient for the defendants to have fired the plaintiff, as they did, but cannot amount in any sense to a case of actionable fraud. See e.g., 27 Fla.Jur.2d "Fraud" § 7 (1981), and cases collected therein. No cause of action for breach of contract was made out below because no consequential damages were ever established by the defendants' proofs at trial, see 11 S. Williston, A Treatise on the Law of Contracts § 1362 A (3d ed. 1968); the only evidence of asserted damages here related solely to the non-existent fraud claim.
The final judgment under review is affirmed as to its denial of any relief for the plaintiff Asher Melzer. The final judgment under review is reversed insofar as it awards compensatory and punitive damages on the counterclaim to the defendants Jacob Agay H. and Sanina, N.V.
Affirmed in part; reversed in part.