486 So.2d 89 (1986)
MIKE SMITH PONTIAC GMC, INC., a Florida Corporation, et al., Appellants,
v.
Michael D. SMITH, Appellee.
No. 85-1423.
District Court of Appeal of Florida, Fifth District.
April 10, 1986.
John J. Upchurch of Leonhardt, Upchurch & Parsons, P.A., Daytona Beach, for appellants.
David A. Vukelja, of Moore, Wood, Simpson & Korey, Ormond Beach, and Noah C. McKinnon, Jr., of Coble, McKinnon, Rothert, Barkin, Vukelja, Gordon & Godbee, P.A., Daytona Beach, for appellee.
COWART, Judge.
This case involves the propriety of a preliminary injunction in favor of a corporate employee to prevent the breach of an alleged employment agreement and to prevent the interference with contractual relations under an agreement between the corporate employer and third parties.
Automobile manufacturers who franchise new automobile dealers customarily require a franchisee to meet certain requirements involving financial responsibility and personal management experience. Apparently, appellant Ginsburg had the necessary financial responsibility and the appellee Smith had the necessary management experience. Pursuant to oral understandings, now in dispute, one corporation was formed to operate an automobile dealership and another corporation was formed to operate an automobile leasing agency. Ginsburg provided the entire cash investment, received seventy-five percent of the corporate stock, and was named the president. Twenty-five percent of the stock in each corporation was issued to Smith, who executed an assignment of those shares, blank as to the assignee, and that stock was held by Ginsburg. Smith was employed and paid a salary to manage both the corporate dealership and the corporate auto leasing agency. The corporate dealership entered into sales and service dealership franchise agreements with automobile manufacturers including General Motors and Mercedes-Benz in which agreements Smith was named as the dealer-owner/operator. These agreements provided that the manufacturers could terminate the agreements if the dealer operator were removed or dismissed without the prior written consent of the manufacturers.
Ginsburg and Smith had a falling out. Ginsburg dismissed Smith as an employee of both corporations. Ginsburg also transferred to himself the stock in Smith's name.
*90 Smith filed a complaint against the corporate dealership, the corporate auto leasing agency, and Ginsburg alleging that Ginsburg had breached an oral partnership agreement with Smith and that the corporations had breached oral employment agreements with Smith. The action seeks an accounting, money damages, and injunctive relief to prevent Ginsburg from wrongfully interfering with Smith's alleged contractual relationship with the corporate dealership, the corporate auto leasing agency, and the automobile manufacturers. The trial court issued a temporary injunction which in effect put Smith back in charge of the day-to-day management of the corporate automobile dealership and the corporate auto leasing agency. We granted a stay of that temporary injunction and now reverse the injunction.
On the best view of the alleged facts, Smith, as a minority stockholder and corporate employee, is not entitled to an injunction to reinstate and maintain his former position as corporate employee managing the corporate businesses. If Smith has a claim as a minority stockholder, he may have the right to bring a stockholder's derivative action but not to be put in control of the corporate businesses by injunction. The corporate dealership, not Smith, has contractual relationships with the automobile manufacturers. Smith has no standing to obtain an injunction to prevent the corporate dealership from doing acts (such as firing Smith) which give the automobile manufacturers the right to terminate dealership franchise agreements. Furthermore, if Smith has enforceable employment agreements that were breached, money damages are sufficient. Regardless of the provision of an employment agreement, a court should not, by injunction, compel an employer to continue the employment of an agent or employee whom the employer no longer desires to represent, and to bind, the employer.[1] In law money damages for breach of such an employment agreement are legally sufficient.[2] The order granting temporary injunction is reversed and the cause is remanded.[3]
REVERSED AND REMANDED.
COBB, C.J., and ORFINGER, J., concur.
NOTES
[1] See generally 34A C.J.S. Injunctions § 91 (1978) and cases cited.
[2] See Dania Jai Alai International, Inc. v. Murua, 375 So.2d 57 (Fla. 4th DCA 1979); State, Department of Health and Rehabilitative Services v. Artis, 345 So.2d 1109 (Fla. 4th DCA 1977).
[3] We notice from the record that because the allotted time for the hearing was expiring, Smith was allowed to present his testimony in full but neither the dealership corporation nor Ginsburg were allowed to present testimony. This alone constitutes a due process violation requiring reversal. See Sun Tech Inc. of South Florida v. Fortune Personnel Agency of Fort Lauderdale, 412 So.2d 962 (Fla. 4th DCA 1982); Empire Pontiac Center, Inc. v. General Motors Acceptance Corp., 322 So.2d 927 (Fla. 4th DCA 1975).