COBB, Chief Judge.
The appellants, Florida State Society of Homeopathic Physicians (Society), Tracy M. Baker (a homeopathic physician), and 44 of Dr. Baker’s patients, timely appeal from a final order permanently restraining and enjoining Dr. Baker and the Society from the practice of the healing arts within the boundaries of the State of Florida. The order also found a motion by Dr. Baker’s 44 patients to intervene in the suit to be moot.
The State of Florida ex rel. Florida Department of Professional Regulation (Department) filed a complaint for a temporary and permanent injunction and an application for a temporary injunction on February 25, 1985, against the Society and Dr. Baker, individually and as president of the Society. The complaint alleged that Dr. Baker is a homeopath who engages in the practice of medicine as defined in Chapter 458, Florida Statutes (1983), and that he is not licensed as a medical doctor or doctor of osteopathic medicine. The complaint further alleged that the Society encourages and organizes persons not licensed as medical doctors or osteopathic physicians to practice medicine. It also alleged that Dr. Baker leads people to believe that he is licensed to practice medicine and that the general public would be irreparably harmed if Dr. Baker were not enjoined from practicing medicine without a license. The complaint prayed for an injunction and for a declaratory judgment that the practice of homeopathy constitutes the practice of medicine.
On the same date that the complaint was filed, the Department filed a notice of hearing advising appellants that a hearing on the Department’s application for a temporary injunction would be held on March 8, 1985. No notice of hearing on the Department’s request for a permanent injunction was filed. On the date the hearing on the temporary injunction was scheduled to be heard (March 8, 1985), appellants filed an answer, defenses and a counterclaim for declaratory judgment and temporary and permanent injunctions; a motion for leave to intervene and motion to certify as class action; an application for temporary injunction filed by the intervenors; a brief in support of counterclaim and intervention; and the intervenors’ brief. In their answer, appellants denied that the Department is empowered to regulate homeopathy and alleged that the Department can regulate only allopathic medicine through Chapter 458. They alleged that homeopathy and allopathy are separate and distinct schools of medicine, and that Dr. Baker practices in strict accordance with the doctrines, tenets and standards of homeopathy. Included in their defenses were the arguments that the Department’s action is part of a vindictive and retaliatory prosecution and as such constitutes a denial of due process; that the action is part of an unlawful attempt to monopolize the market for medical services in Florida, and is part of an attempt to unlawfully restrain the trade and practice of Dr. Baker and others similarly situated; and that Chapter 458 does not forbid, prohibit or otherwise restrict the practice of homeopathy by homeopathic physicians who are duly certified and licensed by the Florida State Board of Homeopathic Examiners, and to the extent that it attempts to do so, is unconstitutional and of no force and effect.
At the March 8, 1985 hearing, the Department called Dr. Baker as an adverse witness. Dr. Baker testified at some length in regard to the history and nature of homeopathy, his experience and views, and other matters. During the cross-exam- *376 ¡nation of Dr. Baker by his counsel, the trial court terminated the testimony, apparently because of time constraints, stating:
I want to allow you [the defendants] to make whatever record you think is appropriate for appellate purposes, but we’re here today on the basis of a temporary injunction, and I’d like to get on with it ... at this point in time we’re not here, not on a permanent injunction, but on an application for a temporary injunction based on a fairly narrow set of facts and a fairly narrow, it seems to me, interpretation of the plain language of the statute ... it would be an injunction pending a further full-blown — full-blown hearing on the merits of the controversy of the parties. (Emphasis added.)
The court also stated that prior to a full-blown hearing the parties should engage in motion practice and discovery; the hearing was then continued until April 9, 1985. But on March 22, 1985, with no further notice and no further hearing, the trial court issued a final order permanently enjoining Dr. Baker from practicing the healing arts in Florida and permanently enjoining the Society from licensing any person to practice the healing arts in Florida. The order stated:
That the only real issue to be determined by this Court is whether or not the defendant, TRACY M. BAKER, and those persons purportedly licensed by the defendant, FLORIDA STATE SOCIETY OF HOMEOPATHIC PHYSICIANS, are engaging in the practice of medicine within the meaning of Chapter 458.
The only reference in the order to the motion by the intervenor-appellants to intervene in the suit is contained in the following paragraph:
The motions and counter-claims, heretofore filed in this case, are, in the opinion of this Court, rendered moot by the entry of this Order, in that they are based upon the contention of the Defendants, that the Defendant, TRACY M. BAKER, and those persons purportedly licensed by the Defendant, FLORIDA STATE SOCIETY OF HOMEOPATHIC PHYSICIANS, are not engaged in the practice of medicine.
Although both sets of appellants have raised multiple arguments in this appeal, their due process argument is the only one that need be considered because it is dispositive. Specifically, as to Dr. Baker and the Society, the trial court’s action in entering a permanent injunction against them without a hearing on the request for permanent injunction, was clearly a violation of due process.
Generally, the purpose of a temporary injunction is to preserve the status quo until a final hearing when full relief may be granted. Ladner v. Plaza Del Prado Condominium Assn., Inc., 423 So.2d 927 (Fla. 3d DCA 1982), review denied, 434 So.2d 887 (Fla.1983); Tamiami Trail Tours, Inc. v. Greyhound Lines, Inc., 212 So.2d 365 (Fla. 4th DCA 1968). More importantly, a hearing on a motion for temporary injunction may not be used to dispose of the merits of the case (that is, the request for permanent injunction) unless (1) the hearing is specially set for the purpose of disposing of the case on the merits, and (2) the parties are given a full opportunity to present their cases on the merits. University of Texas v. Camenisch, 451 U.S. 390, 101 S.Ct. 1830, 68 L.Ed.2d 175 (1981); Hotelerama Associates, Ltd. v. Bystrom, 449 So.2d 836 (Fla. 3d DCA 1984); City of Miami Springs v. Steffen, 423 So.2d 930 (Fla. 3d DCA 1982). Here, as shown by the trial court’s quoted statements, the March 8, 1985, hearing was clearly set only for the request for temporary injunction and thus was not specially set for the purpose of disposing of the case on the merits; moreover, appellants were clearly not given an opportunity to present their case on the merits. The trial court, in fact, appeared to recognize the limited nature of the hearing. However, after continuing the hearing until a later date, and prior to the date for which the continued hearing was scheduled, the court suddenly, and without notice, entered its permanent injunction and *377 stated in paragraph 6 of its order that “no motion for rehearing will be efficacious, nor will they be entertained by this Court.” At the same time, although the motion by the 44 patients of Dr. Baker to intervene was pending, the trial court found all motions to be “rendered moot” and thus failed to explicitly rule on their motion to intervene. These actions by the trial court constitute a violation of appellants’ due process rights and, therefore, the order of permanent injunction is reversed.
The order cannot be sustained even as a temporary injunction because the trial court continued the hearing on the temporary injunction without allowing the appellants to complete their case, even after specifically stating for the record that “because of the time limitations we face today and the complexity of this case on both sides ... we should not attempt to proceed under the pressure of time and should continue this matter until Tuesday, April 9.” In Mike Smith Pontiac GMC, Inc. v. Smith, 486 So.2d 89 (Fla. 5th DCA 1986), this court reversed, on substantive grounds, an order granting a temporary injunction, and in a footnote stated:
We notice from the record that because the allotted time for the hearing was expiring, Smith was allowed to present his testimony in full but neither the dealership corporation nor Ginsburg was allowed to present testimony. This alone constitutes a due process violation requiring reversal. See Suntech, Inc. of South Florida v. Fortune Personnel Agency of Ft. Lauderdale, 412 So.2d 962 (Fla. 4th DCA 1982); Empire Pontiac Center, Inc. v. General Motors Acceptance Corp., 322 So.2d 927 (Fla. 4th DCA 1975). (Emphasis added.)
Accordingly, we reverse the order of the trial court and remand for further proceedings, including a hearing and explicit ruling granting or denying the motion to intervene.
REVERSED.
UPCHURCH and COWART, JJ., concur.