497 So.2d 696 (1986)
Marion MOSELY, Jose Fernandez, R. Lonnie Padgett, Mike Garffer, Brown Badgett, and Badgett Resources, Inc., a Florida Corporation, Appellants,
v.
Jorge DE MOYA, As President of Badgett Resources, Inc., a Florida Corporation, and As a Director Thereof, Appellee.
Nos. 85-936, 85-981, 85-1015, 85-1131 and 85-2600.
District Court of Appeal of Florida, Third District.
November 4, 1986.
Rehearing Denied December 9, 1986.
Richard L. Halpern, Dale & Stevens and Charles S. Dale, Jr., Fort Lauderdale, for appellant Badgett Resources, Inc.
John H. Payne, Fort Lauderdale, Daniel & Hicks and Sam Daniels and Patrice A. Talisman, Kenny Nachwalter & Seymour, Miami, for appellant Brown Badgett.
Josias & Goren and James A. Cherof and Les Stracher, Fort Lauderdale, for appellants Mosely, Fernandez, Padgett and Garffer.
Taylor, Brion, Buker & Greene and Arnaldo Velez, Miami, for appellee.
*697 Before SCHWARTZ, C.J., and BASKIN and JORGENSON, JJ.
JORGENSON, Judge.
The defendants in this declaratory action below, Mosely, Fernandez, Padgett, Garffer, Badgett, and Badgett Resources [collectively the Badgett group], appeal from two orders of the trial court: an amended final judgment in favor of the plaintiff, Jorge de Moya, and an order determining indemnity rendered pursuant to the final judgment. We affirm in part and reverse in part.
This appeal involves control of a closely held Florida corporation. At trial and on appeal, the issues focused on the composition of the board of directors at the time of the Stock and Property Purchase Agreement [agreement]. The Badgett group maintains that the board consisted of five directors, while de Moya maintains that the board consisted of eight directors. The trial court concluded that the eight-man board held office at the time of the agreement. We affirm this portion of the judgment. There was evidence from which the court could conclude that the eight-man board was in office at the time of the agreement. However, our affirmance of this portion of the judgment does not end the question of corporate control.[1]
We reverse that portion of the judgment in which the trial court ruled that Jorge de Moya is the president of Badgett Resources
and shall continue to act as the President of the Company and he is hereby authorized to exercise his powers as chief executive officer of the corporation and is to have general and active management of the business and affairs of the corporation to carry out the usual or ordinary administrative and fiscal affairs.
To the extent that this portion of the trial court's order can be construed as a permanent injunction precluding de Moya's termination as president or precluding the corporation from restricting his powers in any way, the trial court erred. While a director can be terminated only after a meeting called specifically for that purpose, § 607.117(1), Fla. Stat. (1983), there is no such restriction upon the removal of an officer. If an officer is elected by the board of directors, he can be removed whenever the board believes "in its judgment, the best interests of the corporation will be served thereby." § 607.154(1), Fla. Stat. (1983). If an officer is elected by the shareholders, he may be removed by a vote of the shareholders, unless the shareholders have authorized the directors to remove that officer. § 607.154(2), Fla. Stat. (1983). See Frank v. Anthony, 107 So.2d 136 (Fla.2d DCA 1958) (general rule is that officers serve only at pleasure of directors).[2]
During the pendency of this appeal, the Badgett group removed de Moya as president of Badgett Resources but rescinded their action when the trial court stated that they would be held in contempt unless de Moya was reinstated. De Moya's reliance upon the agreement to provide a contractual basis for his continued presidency of the corporation is misplaced. There is no cause of action either for specific performance or for an injunction against breach of a contract for personal services. Montgomery Pipe & Tube Co. v. *698 Mann, 205 So.2d 660 (Fla.3d DCA 1968); Robinson v. Sax, 115 So.2d 438 (Fla.3d DCA 1959). If de Moya is removed from the presidency of the corporation, his appropriate remedy, if any, is an action for breach of contract. Frank, 107 So.2d at 138-39; see Mike Smith Pontiac GMC, Inc. v. Smith, 486 So.2d 89 (Fla. 5th DCA 1986); Melzer v. Jacob Agay H., 426 So.2d 1049 (Fla.3d DCA), rev. denied, 438 So.2d 833 (Fla. 1983).[3]
We also reverse the Order Determining Indemnity. The trial court awarded de Moya $62,500 in attorney's fees and $372.50 in costs, determining that de Moya was entitled to be indemnified for these amounts. This was improper. Because attorney's fees are in derogation of the common law, Roberts v. Carter, 350 So.2d 78 (Fla. 1977), they will only be granted pursuant to a contractual agreement or statutory authority. Sheridan v. Greenberg, 391 So.2d 234 (Fla.3d DCA 1980). Even if de Moya had properly moved for attorneys fees, there was neither a contractual agreement between the parties nor a statutory basis for indemnifying de Moya for his attorney's fees.
Section 607.014, Florida Statutes (1983), limits indemnification of officers, directors, employees, and agents of corporations to certain situations. In the present case, none of the relevant subsections authorize the court to award indemnity.
Subsections (1) and (2) provide that a corporation shall have the power to indemnify persons if the corporation determines that certain criteria are met. There is no requirement that a corporation must indemnify the person, and there is no authority for the court to order indemnification. Subsection (3) is the only mandatory subsection and provides that an officer or director shall be indemnified if he defends himself in a suit. De Moya was the plaintiff in this action.
De Moya relies upon language in subsection (4), which regulates indemnification made under subsection (1) or subsection (2), "unless pursuant to a determination by a court." De Moya argues that this language contemplates court-ordered indemnity under subsections (1) or (2). We disagree. As we have said, there is no authority in subsections (1) and (2) for a court to order indemnity; the language in subsection (4) cannot create that authority. Subsection (6) allows a corporation to indemnify an officer or director "under any by-law, agreement, vote of shareholders or disinterested directors... ." No by-law or agreement provides for indemnity in the present case, and there was no vote by the shareholders or disinterested directors. De Moya also relies upon language in subsection (9) which refers to indemnification expenses paid "otherwise than by court order." Again, such language cannot create an independent authority for the court to order indemnity. Under the facts of this case de Moya does not meet any of the statutory criteria for indemnity.
In view of the results reached, the other points raised have been mooted.
Reversed and remanded.
NOTES
[1] In a separate action instituted in Broward County Circuit Court pursuant to the deadlock statute, § 607.274(1)(a)(1), Fla. Stat. (1983), the Broward trial court made further findings about Badgett Resources. Badgett Resources, Inc. v. Republic National Bank, No. 85-9411 (Fla. 17th Cir.Ct. June 25, 1985). Summary judgment was entered after the Broward trial court determined that the deadlock in management of Badgett Resources had been "lawfully broken" because, even though the directors were deadlocked at four-four, the Badgett group contained a majority of the shareholders and had the ability to operate the company. The court reached this conclusion because, after proper notice, on April 26, 1985, a shareholders' special meeting had been held. At the meeting, the shareholders amended the by-laws by providing for special bi-monthly meetings of the board of directors, to be followed immediately by special meetings of the shareholders. The amendments give the shareholders the power to decide the proper corporate action to be taken if, at the special directors' meeting, the directors are deadlocked.
[2] Although de Moya held office as both president and director, the issue of his continuance as a director is not presented here.
[3] The trial court further erred in making any factual findings about a transfer by some of the defendants of a Badgett Resources corporate asset to Sawgrass Rock Quarry, Inc., a company owned and run by those defendants. The trial court had earlier ruled that evidence on the issue was not to be considered except for the limited purpose of determining credibility.