## SHIVER v O'BRIEN

### Case No. 86-407 AP (County Court Case No. 86-20038SP05)

Eleventh Judicial Circuit, Appellate Division, Dade County

December 28, 1987

**APPEARANCES OF COUNSEL**

**A. John Goshgarian** for appellant.

**David M. Verizzo** for appellee.

Before TENDRICH, GOLDMAN, KORNBLUM, JJ.

## OPINION OF THE COURT

PER CURIAM.

This is an appeal from an order dismissing Plaintiff's (Appellant) complaint with prejudice and from an award of attorney's fees to Defendant (Appellee).

We reverse for the reasons hereinafter set forth.

Plaintiff filed a complaint for replevin, and other relief and damages, and at the same time had issued an order to show cause why the property described in the complaint should not be taken from Defendant's possession during the pendency of the suit. The order had a hearing date contained therein.

Defendant filed a motion for continuance together with an agreed order for the trial judge to sign. The trial judge refused to continue the hearing and so advised the Defendant.

Defendant's motion was filed on November 18, 1986. On that same day, Plaintiff filed a verified motion to disqualify the trial judge. The basis of said motion was, that Plaintiff believed and feared he could not receive a fair trial because the trial judge had previously and publicly stated he would not believe anything Plaintiff's key witness would testify to.

Though error on his part, Plaintiff's attorney thought the hearing on the rule to show cause had been continued, and he failed to appear. Unfortunately for him, Defendant's attorney did appear, armed with a motion to strike the complaint and a motion to dismiss. Without notice to Plaintiff's counsel, the trial judge summarily denied the motion to disqualify and granted the motion to dismiss (without leave to amend) and thereafter assessed attorney's fees against the Plaintiff. This appeal followed.

The motion to disqualify the trial judge was legally sufficient and should have been granted. The motion demonstrated a well grounded fear that the party would not receive a fair trial at the hands of the judge. *Calefee v. Vitale,* 488 So.2d 627 (Fla. 4th DCA 1986); *Gieseke v. Grossman,* 418 So.2d 1055 (Fla. 4th DCA 1982).

The trial judge should have disqualified himself at this point. However, failing to do so, he violated Plaintiff's basic due process rights by proceeding to hear matters not noticed, and to rule on motions which Plaintiff had never seen and which had neither been

**153**

served nor set for hearing. The only matter before the trial judge was a rule to show cause, and this is the only thing he was permitted to rule on. *Florida State Society of Hompathic Physicians v. Florida Dept. of Professional Regulation,* 487 So.2d 374 (Fla. 5th DCA 1986).

The order of dismissal is reversed. The order awarding attorney's fees is reversed. The order denying the motion to disqualify is reversed, and this cause is remanded to the trial court with directions to enter an order disqualifying himself.

Reversed and remanded.