Carolyn WELBORN,
Plaintiff–Appellant,

v.

REYNOLDS METALS COMPANY,
Defendant–Appellee.

No. 87–7658.

United States Court of Appeals,
Eleventh Circuit.

March 20, 1989.

Robert L. Wiggins, Jr., Gordon, Silberman, Wiggins & Childs, Birmingham, Ala., for plaintiff-appellant.

Vincent McAlister, Almon, McAlister, Ashe, Baccus & Smith, Tuscumbia, Ala., for defendant-appellee.

Before RONEY, Chief Judge, JOHNSON and SMITH [*], Circuit Judges.

RONEY, Chief Judge:

After a previous appeal in this Title VII sex discrimination case in which this Court reversed the district court and held that defendant had unlawfully discriminated against the plaintiff, the district court: (1) entered judgment for the plaintiff; (2) ordered plaintiff's rehiring, but restricted her to the pay scale, benefits, and seniority of the least senior male that had been hired in her place; (3) awarded one dollar in nominal damages; and (4) denied injunctive relief against further discrimination. In fashioning this remedy, the court relied solely on the record produced in the original trial. The district court should have held an evidentiary hearing to determine if plaintiff was entitled to backpay after the original trial until reinstatement, and to properly determine the rightful place to which she should be reinstated. We affirm in part, reverse in part, and remand for an evidentiary hearing and determination of such relief.

The facts in this case are stated in the prior panel's opinion. *See Welborn v. Reynolds Metals Co.*, 810 F.2d 1026 (11th Cir.1987) (*Welborn I*), *reversing* 629 F.Supp. 1433 (N.D.Ala.1986). After a bench trial, the district court had entered judgment for defendant as to liability by holding that plaintiff had failed to prove a *prima facie* case of discrimination, and that, in any event, defendant proved a legitimate non-discriminatory reason for its failure to hire plaintiff in that it was acting pursuant to a prior, unrelated, valid affirmative action settlement agreement with the Equal Employment Opportunity Commission. 629 F.Supp. at 1442.

This Court reversed, holding that the record revealed that plaintiff did prove a *prima facie* case of sex discrimination, 810 F.2d at 1028, and that the district court misinterpreted the EEOC agreement and therefore erred in holding that the employer had proved a legitimate, non-discriminatory reason for its failure to hire plaintiff. A petition for rehearing and suggestion of rehearing *in banc* were denied. *Welborn v. Reynolds Metals Co.*, 815 F.2d 717 (11th Cir.1987).

Although the defendant did not take kindly to this decision, arguing on this appeal that it was wrong, this Court is bound by that prior panel decision as are the parties and the district court.

Upon remand, the district court held that the Court of Appeals' decision prohibited reopening the evidence as to liability, so that defendant could not offer any other non-discriminatory reason for the failure to hire Welborn not asserted in the November 27, 1984 bench trial. The Court then held it was similarly restricted to the 1984 record for deciding the claims for backpay and reinstatement, and denied plaintiff's motion for evidentiary hearing, which had been filed on February 27, 1987, prior to the issuance of the mandate of this Court on April 9, 1987.

While a close issue that may well reflect defendant's reluctance to accept the liability decision by the prior panel of this Court, we nevertheless think that the decision not to reopen the evidence on any claim for backpay for the period before the November 27, 1984 trial is due to be affirmed. This issue falls within that area of discretionary decision which must be affirmed on appeal, either way the district court decided the issue. A backpay award in such a situation as this *might* be allowed

---

[*] Honorable Edward S. Smith, U.S. Circuit Judge for the Federal Circuit, sitting by designation.

where there is no prejudice to the defendant and the failure to present evidence on backpay is excusable. *See Albemarle Paper Co. v. Moody,* 422 U.S. 405, 424, 95 S.Ct. 2362, 2375, 45 L.Ed.2d 280 (1975). The district court held, however, that the prior trial was not bifurcated between liability and damage and plaintiff had a full opportunity to, but did not, offer sufficient evidence upon which to base a backpay award. It was within the Court's traditional discretion to refuse to reopen the evidence on this issue.

 As to the claim for backpay after the 1984 hearing to the time of the remand hearing, however, the situation is entirely different. It was simply impossible for plaintiff to be able to prove these post-trial backpay damages at the time of the original trial. The district court erred in refusing to allow plaintiff to present evidence supporting a backpay award for the time period after the original trial until the time of her reinstatement. Employees may generally be entitled to backpay from the date of the adverse employment action until reinstatement. *See Walker v. Ford Motor Co.,* 684 F.2d 1355, 1361 (11th Cir.1982). The period for which backpay is to be awarded turns on whether a claimant has established damages resulting from the discriminatory acts of the defendant for the entire time period sought. *Id. See also Mims v. Wilson,* 514 F.2d 106, 110 (5th Cir.1975) (if a defendant fails to show by clear and convincing evidence that the claimant would not have been hired absent discrimination, the claimant is normally entitled a backpay award to be computed as of the date he would have been hired absent discrimination to the date he is offered a position or would have terminated employment if hired, less mitigation). The district court should have granted plaintiff's motion for discovery directed at establishing damages for this time period.

The plaintiff on remand should also have been allowed to present evidence on reinstatement status. Absent unusual circumstances, Title VII claimants are presumptively entitled to reinstatement under the "make whole" policy embodied in the legislation. *See Donnellon v. Fruehauf Corp.,* 794 F.2d 598, 602 (11th Cir.1986); *Nord v. U.S. Steel Corp.,* 758 F.2d 1462, 1473 (11th Cir.1985). The remedies which inure to victims of discrimination must be sufficient to restore them "to a position where they would have been were it not for the unlawful discrimination." *Franks v. Bowman Transp. Co.,* 424 U.S. 747, 764, 96 S.Ct. 1251, 1264, 47 L.Ed.2d 444 (1976) (citation omitted). The denial of the opportunity to present evidence on this point is reversed. A decision as to the rightful place of reinstatement must be made after further proceedings on this remand.

There was no abuse of discretion in the district court's denial of an injunction against further discrimination. *See NAACP v. City of Evergreen,* 693 F.2d 1367, 1370 (11th Cir.1982) (decision to grant injunction rests in trial court's discretion and will only be reversed upon a showing of an abuse of that discretion).

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION.