PER CURIAM.
Jay Sunday sued Enrique Balari, Ricardo Menendez, and Sunday Electronics Corporation — an import/export business formed by Sunday, Balari and Menendez — for specific performance of a shareholder’s agreement and addendum provisions which, allegedly, provided Sunday a three-year term of employment at $300 per week plus the use of a leased car.
The partial summary final judgment entered by the trial court in favor of Balari and Menendez must be affirmed because it is a settled principle of law that courts will not compel specific performance of personal service contracts. Mosely v. De Moya, 497 So.2d 696 (Fla. 3d DCA 1986); Montgomery Pipe & Tube Co. v. Mann, 205 *486 So.2d 660 (Fla. 3d DCA 1968); Bacon v. Karr, 139 So.2d 166 (Fla. 2d DCA 1962).
The factual allegations, however, may support a breach of contract claim. See Melzer v. Jacob Agay H, 426 So.2d 1049 (Fla. 3d DCA), rev. denied, 438 So.2d 833 (Fla.1983). For that reason Sunday is entitled to an opportunity to amend. Hart Properties Inc. v. Slack, 159 So.2d 236, 240 (Fla.1963) (“... where summary judgment should be entered, yet the matters presented indicate that the unsuccessful party may have a cause of action ... not pleaded, or a better one than that pleaded, the proper procedure is to enter the summary judgment with leave ... to amend.”); Cudlipp v. Blue Chip Laundry, Inc., 476 So.2d 783 (Fla. 4th DCA 1985) (same).
Affirmed in part, reversed in part, and remanded with instructions to grant the appellant leave to amend the complaint.