561 So.2d 1331 (1990)
SHEARSON LEHMAN HUTTON, INC., Etc., et al., Appellants,
v.
Dianna MEYER, et al., Appellees.
Nos. 89-1210, 89-1605.
District Court of Appeal of Florida, Fifth District.
May 31, 1990.
N. James Turner, Buso & Turner, Orlando, for appellants.
Dianna Meyer, Longwood, Christine Stover and Linda C. Frank, Orlando, in pro. per.
*1332 COBB, Judge.
These two interlocutory appeals, consolidated for appellate purposes, are from two orders entered by the trial court, the first declining to dissolve a temporary injunction (Case No. 89-1210) and the second denying a motion to modify that same injunction (Case No. 89-1605).
We initially address Case No. 89-1605, the modification issue. The facts adduced by the record show that the appellees  Meyer, Frank and Stover  were female financial consultants employed by Shearson Lehman Hutton, Inc. (hereinafter Shearson) at its Winter Park office. Gerry Helmich, manager of the office, reassigned office space when seven new financial consultants were hired from another firm. The appellees were moved from private offices to an open area and no longer had immediate access to the same equipment  e.g., quotrons, multi-line phones, and research files.
Consequently, the three women sought relief in state circuit court, alleging that their reduction in status was based on gender and age discrimination. The trial court entered a temporary injunction enjoining Shearson and Helmich from terminating the appointment of the three women, or engaging in any punitive, disciplinary, other actions, or activities detrimental to them. The trial court then denied a motion to dissolve and declined to modify its injunction to allow termination of the three women for reasons unrelated to age or sex discrimination. We find that it erred in the latter respect. Injunctive relief is simply not available to prevent a termination of private employment inasmuch as the employee has an adequate remedy at law. Pallen v. Richardson, 531 So.2d 1043 (Fla. 3d DCA 1988); Mosely v. DeMoya, 497 So.2d 696, 697-98 (Fla. 3d DCA 1986); Mike Smith Pontiac GMC, Inc. v. Smith, 486 So.2d 89, 90 (Fla. 5th DCA 1986); Dania Jai-Alai International v. Murua, 375 So.2d 57 (Fla. 4th DCA 1979); Oxford International Bank & Trust, Ltd. v. Merrill, Lynch, Pierce, Fenner & Smith, Inc., 374 So.2d 54, 55 (Fla. 3d DCA 1979), cert. dismissed, 383 So.2d 1199 (Fla. 1980); Butler v. Lomelo, 355 So.2d 1208 (Fla. 4th DCA 1977); and Montgomery Pipe & Tube Co. of Fla. v. Mann, 205 So.2d 660, 661-62 (Fla. 3d DCA 1968).
As contended by the appellants, if they are not permitted to terminate or discipline the three employees for any reason then they cannot effectively manage their own business or properly supervise their own employees, as required of them by the federal securities laws. The appellees respond that the appellants might terminate them, if allowed to do so, for an improper reason; but, if such termination later is determined to be wrongful, the remedy at that time would be damages as provided by the cases cited above. There is no authority, and no reasonable basis, for a trial court to manage a private, ongoing business, which is the ultimate effect of the instant injunctive order.
We reverse the trial court's refusal to modify the temporary injunction to allow termination and discipline of the appellees by Shearson and Helmich. Thereafter, in the event of termination, the pending action may continue, with appropriate amendments, as an action for damages at the option of the appellees. In view of the foregoing modification of the injunction, we decline to address the other issues raised by the instant appeal.
REVERSED in part, and REMANDED.
PETERSON, J., concurs.
W. SHARP, J., dissents with opinion.
W. SHARP, Judge, dissenting.
I respectfully dissent. If reinstatement and mandatory decrees requiring an employer to treat all of its employees equally, without regard to sex, age, race, etc., are permissible then I see no reason why a temporary injunction freezing the status quo pending resolution of the merits of the cause is not a reasonable alternative open to a trial court. See Gaddy v. Abex Corp., 884 F.2d 312 (7th Cir.1989); Welborn v. *1333 Reynolds Metals Co., 868 F.2d 389 (11th Cir.1989); Ford v. Nicks, 866 F.2d 865 (6th Cir.1989); Title VII, § 706(g), Civil Rights Act of 1964, as amended, 42 U.S.C.A. § 2000e, et seq.