**SOONAFAI TIUMALU and FUATAU ALI'IPULE, Plaintiffs,**

**v.**

**LUTU TENARI, AINA SAOLUAGA, NUA,
TUILEFANO VAELA'A, MALAETASI TOGAFAU,
HOUSE OF REPRESENTATIVES INVESTIGATIVE
COMMITTEE, Defendants.**

High Court of American Samoa
Trial Division

CA No. 103-99

November 18, 1999

Before KRUSE, Chief Justice, TUA'OLO, Chief Associate Judge, and
SAGAPOLUTELE, Associate Judge.

Counsel: For Plaintiffs, Katopau T. Ainu'u
For Defendants Aina Saoluaga Nua, Tuilefano Vaela'a, and
Malaetasi Togafau, Brian M. Thompson
For Defendant Lutu Tenari, *pro se*

OPINION AND ORDER

On October 12, 1999, plaintiffs Soonafai Tiumalu and Fuatau Ali'ipule
("Plaintiffs") filed a complaint seeking injunctive relief directing
defendants to refrain from preventing Plaintiffs from returning to work.
Plaintiffs also sought a Temporary Restraining Order and preliminary
injunctive relief. Defendants filed a cross motion to dismiss the
complaint.

A hearing was held on November 9, 1999. The parties appeared with
counsel except defendant Lutu Tenari, the President of the Senate, who

appeared under subpoena but did not wish to defend as he sided with Plaintiffs. At the hearing, the defendants represented by counsel Thompson stipulated to the facts alleged in Plaintiffs' complaint.

## Facts

As the facts in this matter are uncontested, we take the following facts relevant to the motion before us from Plaintiffs' complaint. Plaintiffs were previously employed as Legislative Financial Analysts for the Legislature of American Samoa. They were suspended for three months on May 5, 1999, on the recommendation of the House Investigative Committee, and then terminated on July 23, 1999, at the direction of the Speaker of the House of Representatives, defendant Aina Saoluaga Nua, and Senate President *Pro Tempore*, defendant Tuilefano Vaela`a. Plaintiffs contend that this termination "had no basis in fact or law" and was accomplished without procedural due process and that as a result, Plaintiffs have suffered serious financial difficulties.

Defendants, on the other hand, move to dismiss the complaint pursuant to T.C.R.C.P. 12(b)(6), for failure to state a claim upon which relief can be granted. Defendants assert that the pleadings do not provide a legal theory upon which Plaintiffs can seek relief.

## Discussion

Plaintiffs' claim may be discerned in paragraph 17 of their complaint, wherein it is asserted that plaintiffs were "illegally terminated." In more familiar terms, Plaintiffs are alleging wrongful discharge or termination.

In examining this claim, the court first notes that the complaint alleges no facts upon which to sustain wrongful termination actions against defendants Lutu Tenari, the House Investigative Committee and its chairperson Malaetasi Togafau. Nowhere in the complaint or the hearing testimony did Plaintiffs assert that these three defendants caused the alleged wrongful termination. While the Committee may have provided the impetus for the firings, it was the House Speaker and the Senate President *Pro Tempore* who terminated Plaintiffs' employment. Furthermore, naming Lutu Tenari as a defendant is baffling, to say the least, as he rehired, rather than fired, Plaintiffs. Thus, the court finds that these three defendants, Lutu Tenari, the House Investigative Committee, and Malaetasi Togafau, were improperly named in the complaint and, therefore, dismiss Plaintiffs' action against them.

Having determined that Plaintiffs assert a claim of wrongful termination, it remains to be seen whether this claim can support the requested equitable relief against the remaining defendants. In short, it cannot. The proper remedy for wrongful termination is damages at law,

not an injunction in equity. This legal principle is black letter law and the rule in countless other jurisdictions. *See* RESTATEMENT (SECOND) OF AGENCY: WRONGFUL DISCHARGE § 455; 82 AM.JUR.2D § 246; *Billiot v. Toups Marine Transport, Inc.*, 465 F.Supp. 1265 (D.C.La. 1979); *Nassau Sports v. Peters,* 352 F.Supp. 870 (D.C.N.Y. 1972); *Boise Cascade Intern, Inc. v. Northern Minnesota Pulpwood Producers Ass'n*, 294 F.Supp. 1015 (D.C. Minn. 1968); *Novak v. Commonwealth,* 523 A.2d 318 (Pa. 1987); *Mosely v. De Moya,* 497 So.2d 696 (Fla. Dist. Ct. App. 1986).

█ Furthermore, as stated by this court, "the most distinguishing prerequisite of permanent injunctive relief is the inadequacy of a remedy at law, usually in the form of money damages." *Thompson v. Fetalaiga,* 24 A.S.R.2d 127, 132 (Land & Titles Div. 1993). Plaintiffs allege only monetary injuries resulting from loss of their salaries. Notwithstanding their conclusory assertions of irreparable injury, these injuries are precisely the type that damages may effectively cure.

In sum, Plaintiffs have alleged no claim upon which an injunction can issue, for two reasons. First, damages are adequate to compensate Plaintiffs for their lost income in this case, thus precluding injunctive relief. Second, in the employment context, damages are the only remedy to which they are entitled. For both of these reasons, Plaintiffs have failed to state a claim upon which the requested relief can be granted.

### Order

For the foregoing reasons, and pursuant to T.C.R.C.P. 12(b)(6), the complaint is dismissed.

It is so ordered.